CHARLES W. WELLS *et al.*, Appellants, v. FRITZ LEITMANN *et al.*, Defendants; HOWARD MARTIN, Respondent.

St. Louis Court of Appeals, December 4, 1894.

Jurisdiction, Appellate: CASES INVOLVING TITLE TO LAND. An action for the establishment of a private road over land involves title to land within the meaning of the constitution, and the supreme court has, therefore, exclusive jurisdiction of an appeal therein.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

TRANSFERRED TO SUPREME COURT.

*Dunn & Murphy* and *Norton & Avery* for appellants.

*Charles Martin* for respondent.

BOND, J.—The petition in this case is for the establishment of a private road over certain real estate. The case was heard in the county court, where judgment was entered as prayed. It was taken thence to the circuit court by *certiorari*, where the judgment of the county court was quashed, from which decision an appeal was taken to this court.

We are without jurisdiction of this cause. Exclusive jurisdiction is vested by the constitution in the supreme court of "cases involving the title to real estate." The supreme court has recently decided that a suit to set aside a judgment in condemnation proceedings, on the ground "that the part of it adjudging costs against him (plaintiff) was procured by fraud,".

did involve the title to real estate in the constitutional sense, and that an appeal from a judgment therein would only lie to that tribunal. *State ex rel. Railroad v. Rombauer.* The ground of the foregoing holding was that such a proceeding, while it only transferred an easement in the land condemned, nevertheless deprived the owner of his right to the exclusive possession thereof, and thus took from him one of the essential elements of perfect title.

It is obvious that the rule thus announced must govern the present case, which will, therefore, be transferred to the supreme court. All concur.