OVERTON *et al.*, *Appellants*, v. OVERTON *et al.*

Division One, December 11, 1895.

1. **Constitution**: SUPREME COURT JURISDICTION: TITLE TO LAND. An action to set aside a deed to land, as having been fraudulently procured, involves title within the meaning of the constitution defining the jurisdiction of the supreme court.

2. **Pleadings, Construction of.** Pleadings are to be liberally construed in determining their effect.

3. **Will**: INTESTACY. Where the fact appears that a decedent left a will, but neither the terms nor the effect of the will is stated, the law does not infer an intestacy as to any part of the property of the deceased.

4. ————: DEED: PARTIES. A petition to set aside a deed of land, formerly owned by a testator, was brought by some of his heirs at law; but it was also stated that he left a will, duly probated, but whose terms were not given; *held*, that his heirs could not maintain the suit on that showing.

5. **Practice**: PARTIES. Parties united in interest with plaintiff may be made defendants if they refuse to join in bringing the action.

*Appeal from Mercer Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

The petition and demurrer mentioned in the opinion are as follows:

PETITION.

"Enoch Overton, Albert Overton, Isaac Overton, Mary A. Wayman, Stephen Wayman, Susan J. Young, Albert Young, Martha A. Frakes, Marion Frakes, and Joel H. Shelly, executor of Moses Overton, deceased, with will annexed, *Appellants.*

"against

"Randolph Overton, James Overton, Isaac Curtis, Nancy Curtis, Robert Overton, Charles Overton, and John C. Casteel, mortgagee, *Respondents.*

"Plaintiffs for their 2nd amended petition state that on the 22nd day of March, 1891, one Moses Overton, at Mercer county, Missouri, departed this life. That he in his lifetime made and published his last will and testament, which said will was duly executed and declared to be by him his last will and testament, and which will was, after his death duly filed for probate in the office of the Probate Judge in and for said Mercer county and was by said Probate Court duly proved and probated and declared to be the last will and testament of the said Moses Overton. That he left surviving children and grandchildren—the plaintiffs and defendants, his only heirs as hereinafter set out.

"That the plaintiffs, Enoch Overton, Albert Overton, Isaac Overton, and the defendant, James Overton, are the only sons surviving of the said Moses Overton, deceased. That the defendant, Charles Overton, is a grandson of the said Moses Overton, being the only child of Alexander Overton, a deceased son of the said Moses Overton. That the defendants, Robert Overton,

and Nancy Curtis are grandchildren of the said Moses Overton, being the only children of Joseph Overton, deceased, a son of the said Moses Overton.

"That plaintiffs, Mary A. Wayman, Susan J. Young, and Martha A. Frakes, are the daughters of the said Moses Overton, deceased. That defendants Nancy Curtis and Isaac Curtis are husband and wife. That plaintiffs Stephen Wayman and Mary A. Wayman are husband and wife. That plaintiffs Albert Young and Susan J. Young are husband and wife. That plaintiffs Marion Frakes and Martha A. Frakes are husband and wife. That Joel H. Shelly is the executor with the will annexed of the said Moses Overton, deceased, and is now acting as such and has in his possession the personal assets of deceased including the $600 hereinafter set out. That the said Joel H. Shelly was on the ―― day of ――――, 1891, by the Probate Court of Mercer county duly appointed executor of the last will and testament of the said Moses Overton, deceased, gave bond as such, was duly qualified as such, and has ever since that time and now is acting as such executor. That the defendant James Overton is a son and an heir of the said Moses Overton and refuses to be made party plaintiff herein, and therefore is made a defendant in this case. That the defendants, Robert Overton, Nancy Curtis and Charles Overton, as well as Isaac Curtis, refuse to be made parties plaintiff herein, and are therefore made parties defendant in this suit. That defendant Randolph Overton is a son of defendant James Overton. That on the 23rd day of December, 1890, and for a long time prior thereto the said Moses Overton was the owner in fee simple of the following described real estate situate in Mercer county, Missouri, to wit:" [Here follows a description of land.] "in all ninety-one acres, which said real estate plaintiffs

VOL. 131 mo—36

allege is and was at the time aforesaid of the value of $2,000. That on the said 23rd day of December, 1890, the said Moses Overton who was then of the age of eighty-four years, resided with the defendants, James Overton and Randolph Overton. That the said Moses Overton at the time last aforesaid and for a long time prior thereto and from the said 23rd day of December, 1890, until the time of his death, to wit: March 22nd, 1891, was by reason of old age mental imbecility and physical debility so diseased in body and in mind as to be totally incompetent and incapacitated to transact any business whatever, and for the causes aforesaid was unable to know or understand the value of his property or to make an intelligent disposition thereof. That on the said 23rd day of December, 1890, the defendants Randolph Overton and James Overton, well knowing the premises and well knowing the mental imbecility of the said Moses Overton as aforesaid, and intending and contriving to cheat, wrong and defraud the said Moses Overton and these plaintiffs out of the real estate hereinbefore described, whilst the said Moses Overton was temporarily residing with them, did persuade, induce and cause the said Moses Overton for the sum of $600 to convey said real estate to the defendant Randolph Overton, which conveyance is recorded in book 25, page 191, in the office of the Recorder of Deeds in and for Mercer county. That said real estate was of the value of $2,000, which defendants well knew. That the said Moses Overton was at the time of the execution of said conveyance by reason of the physical inability and mental imbecility aforesaid utterly incompetent to make said sale, transact said business or understand the value of said real estate or to know the consequences of said act, all of which defendants at the time well knew, and well knowing the premises as aforesaid and with the intent

to cheat, wrong and defraud the said Moses Overton and these plaintiffs, did willfully, knowingly and fraudulently persuade, induce and cause the said Moses Overton to execute the deed aforesaid. That in order to procure the $600 aforesaid to pay the purchase price of said real estate that said Randolph Overton executed a deed of trust to said real estate to the defendant John C. Casteel to secure him, the said Casteel, in the sum of $600, which trust deed was executed on the 14th day of January, 1891, and is recorded in the office of the Recorder of Deeds in and for Mercer county, at book 2, page 13. That plaintiffs bring into court and tender to the said Casteel, mortgagee as aforesaid, the said sum of $600 with the interest thereon to time of trial.

"That the said Moses Overton in his lifetime demanded of defendants that they reconvey to him said real estate, at the same time offering to return to defendants the said sum of $600, the purchase price thereof, which the defendant then and there refused to do or perform, and still refuse to do or perform. That after the death of the said Moses Overton these plaintiffs demanded of defendants that they convey said real estate to the said Moses Overton, his heirs, or assigns; and at the same time offered to return to defendants said sum of $600, the purchase price of said real estate as aforesaid, with all the interest thereon, what the defendants then and there refused to do.

"Plaintiffs therefore pray that the said deed from the said Moses Overton to the defendant Randolph Overton be set aside and held for naught; that the trust deed from the said Randolph Overton to the said John C. Casteel be set aside and held for naught, and that the said Casteel be required to receive the said sum of $600 with the interest thereon tendered as aforesaid; and that all the interest of the said Randolph

Overton and John C. Casteel be vested in the heirs of the said Moses Overton and for other and proper relief."

### DEMURRER.

"Now comes the defendant, Randolph Overton, and demurs to the fourth amended petition in this cause for the following reasons:

"First—Because there is a defect of parties plaintiff in this: The petition alleges that Moses Overton, deceased, under whom plaintiffs claim title to the real estate in controversy, left a last will, which has been duly probated, and that plaintiff Joel H. Shelly is the executor of said will, but the petition fails to show that said Joel H. Shelly as such executor or otherwise has any interest in said real estate or that said real estate is mentioned in, or disposed of, by said will or that said Joel H. Shelly has legal capacity to try this suit.

"Second—Because the petition does not state facts sufficient to constitute a cause of action, and because it does not show that the other plaintiffs or defendants have any just interest with the said Joel H. Shelly, or any other interest.

"Third—Because the petition shows that the parties in interest have not united therein to set aside said deed and that several of them are opposed to setting it aside and that several of the said parties in interest and heirs of said Moses Overton, deceased, are opposed to this suit and to setting aside said deed, and that plaintiffs have no authority to maintain this suit.

"Fourth—Because there is a defect of parties plaintiff in this, that the petition shows that a deed of trust was executed conveying said land to a trustee, but said trustee is not made a party to this suit."

*J. B. Ormsby,   H. J. Alley* and *C. W. Bolster* for appellants.

(1)   Under the statutes of the state of Missouri if a party in interest refuses to join as plaintiff, he may be made a party defendant.      R. S. 1889, sec. 1994. (2)   Parties necessary to a settlement of controversy must be made parties plaintiff or defendant.   R. S. 1889, secs. 1992, 1993, 1994 and 1995.   (3) The parties in interest in this action derived their interests as heirs of Moses Overton,   and as their interests were not derived by contract they might sue severally.   *Ryan v. Riddle*, 78 Mo. 521; *Clark v. Cable*, 21 Mo. 223; *Raney v. Smizer*, 28 Mo. 310; *McAllen v. Woodcock*, 60 Mo. 174; *Henry v. Mt. Pleasant Tp.*, 70 Mo. 497.   (4) The only question before the court is whether the plaintiffs could sue without all heirs interested with them joining as plaintiffs.

*H. G. Orton* and *Ira B. Hyde* for respondents.

(1) As none of the provisions of the will are stated in the petition there is absolutely nothing to show that Joel H. Shelly, as executor, is either a necessary or proper party to the suit, or that he, as executor or otherwise, has any interest in the real estate in controversy.   (2) The petition does not show that any of the plaintiffs or defendants, except Randolph Overton, have any interest in the real estate in controversy. They have no interest as heirs, because Moses Overton left a will, and the petition does not state that they have any interest under the will.   For aught that appears in the petition, Randolph Overton may have been the sole legatee under the will.   (3) The petition alleges that a deed of trust was executed by Randolph Overton to secure a loan of $600 and prays to have

said deed of trust set aside but does not make the trustee to whom the land was conveyed a party to the suit. We think the trustee was a necessary party to a suit to set aside the conveyance of the land to him. *Siemers v. Kleesburg*, 56 Mo. 196; *Erisman v. Erisman*, 59 Mo. 367; *Sutton v. Hayden*, 62 Mo. 101; *Siemers v. Schrader*, 88 Mo. 20. (4) If any of the four grounds of demurrer were well taken then the order of the court sustaining the demurrer was proper and plaintiffs should have amended their petition; but they have chosen to stand upon it and the judgment of the circuit court should be affirmed.

BARCLAY, J.—This case went off in the circuit court upon a demurrer to the petition. Those pleadings the reporter will please copy at length as an introduction to the report of the case in this court.

The only question here is whether or not the ruling sustaining the demurrer shall be affirmed.

1. The object of this action is to set aside a deed of trust to land on the alleged ground of fraud in its procurement. Such a suit involves title to real estate within the meaning of the constitution defining the jurisdiction of this court, as heretofore interpreted. *Nearen v. Bakewell* (1892) 110 Mo. 645 (19 S. W. Rep. 988).

2. A pleading is, no doubt, to be liberally construed in determining its effect, in accordance with the command of the code of practice. R. S. 1889, sec. 2074. But that command has not been construed, nor was it ever intended, to dispense with the necessity of stating, directly or inferentially, the facts on which the pleader depends to secure the object of his pleading.

3. The petition is defective for the reason assigned in the second ground of demurrer, if for no other reason.

The Overton parties plaintiff are alleged to be heirs at law of the deceased, Moses Overton, whose deed is attacked; but it is also alleged that he left a last will, which has been duly probated. The terms of the will are not given; nor is its effect stated in respect of its disposition of the land which was the subject-matter of the deed, or of any property of the testator. Nor is it stated that the Overton plaintiffs have any interest in any real estate of his, under the will.

Where the fact of a will appears, the law does not then infer an intestacy as to any part of the property of the deceased. *Webb v. Archibald* (1895) 128 Mo. 299 (28 S. W.. Rep. 80).

The parties who, under the will of Mr. Overton, deceased, are entitled to claim the real property referred to in the deed sought to be canceled in this suit, are the proper parties to maintain the action, on the facts as they appear in the petition under review.

If the deceased made no disposition by will of the land in controversy, that fact should appear to entitle those relying thereon to maintain the action as representatives of the title of the deceased.

If a party who is united in interest with those who wish to bring such an action refuses his consent thereto, he may be made a defendant, in accordance with the code provision to that effect. R. S. 1889, sec. 1995.

But that provision does not relieve plaintiffs who bring a suit thereunder from showing an interest in the subject of the action necessary to its maintenance.

We think the ruling of the learned circuit judge sustaining the demurrer was correct.

The judgment is affirmed. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.