ANNIE SCHEER *et al.*, Appellants, v. JACOB SCHEER *et al.*, Respondents.

St. Louis Court of Appeals, November 17, 1896.

Jurisdiction, Appellate: ACTION INVOLVING TITLE TO LAND. An action to reform a warranty deed conveying land so as to convert it into a conveyance in trust in the nature of a mortgage, and to divest title claimed under it, involves title to land and the supreme court has therefore exclusive jurisdiction of an appeal therein.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

TRANSFERRED TO SUPREME COURT.

*J. R. Myers* for appellants.

*G. W. Lubke, Chas. F. Krone,* and *John M. Holmes* for respondents.

BOND, J.—Plaintiffs are husband and wife. The latter became seized of a fee in the land described in the petition by the death of her mother, subject to an incumbrance of about $650. This was paid off by the father of the husband, and thereupon plaintiffs executed to him a warranty deed to the land and he conveyed it to a trustee for the benefit of plaintiffs for life, with

remainder in fee to their children. The petition asks a divestiture of title under the latter deed, and a reformation of the warranty deed so as to make it a conveyance in trust to secure $650, advanced by the grantee therein.

It is evident we have no jurisdiction of this case under the constitutional provision vesting exclusive appellate jurisdiction in the supreme court of all cases involving the title to real estate. It has recently been held by that tribunal, that a suit to set aside a deed of trust for fraud in its procurement is one "which involves the title to real estate within the meaning of the constitution." *Overton v. Overton*, 131 Mo. *loc. cit.* 566; *Wells v. Leitman*, 60 Mo. App. 37. The cause will, therefore, be transferred to the supreme court. All concur.