BENDER v. ZIMMERMAN, *Appellant.*

Division Two, October 17, 1898.

**Appeals:** JURISDICTION: CONVERSION. The petition alleged a conveyance absolute to defendant, with a defeasance back to secure the payment of $100 and the costs in a certain suit, the payment by plaintiff of the $100 and costs, a demand for reconveyance and a refusal, a subsequent sale by defendant to an innocent purchaser, and a prayer for $2,000, the value of land wrongfully converted. The judgment was for $164.54. *Held* that the case must be transferred to the court of appeals, for a lack of jurisdiction in this court to entertain the appeal.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*E. C. Zimmerman* and *C. V. Hickman* for appellant.

*M. G. Moran* and *James Moran* for respondent.

GANTT, P. J.—This is an appeal from a decree by the circuit court of Buchanan county. The petition alleged a conveyance of certain lands by deed absolute, with a defeasance back to secure the payment of $100 and the costs in a certain suit. It avers the payment of said $100 and said costs by plaintiff, a demand for reconveyance and a refusal; a subsequent sale by defendant to an innocent purchaser and concludes with a prayer for $2,000, the value of the land wrongfully conveyed by defendant and the purchase price converted by him. The answer is a general denial. It then admits the conveyance and charges certain taxes were delinquent, for which said lands were sold to one Irvin, and by Irvin deeded to defendant, whereby plaintiff's title was extinguished. Also pleads statute of limitation. Reply put in issue new matter, and pleaded that defendant fraudulently had Irvin bid in the land for defendant. The circuit court found for plaintiff, allowed defendant certain taxes and interest and decreed a balance due plaintiff of $164.54. Defendant appeals.

This court is without jurisdiction of this appeal. The facts alleged and the record disclose that it is not a case within the provisions of section 12, article VI of the Constitution giving this court jurisdiction.

It is ordered certified to the Kansas City Court of Appeals. SHERWOOD and BURGESS, JJ., concur.