ANNIE AND PHILIP SCHEER, Appellants, v. JACOB SCHEER et al.

### Division Two, March 7, 1899.

Fraud: SUIT TO HAVE DEED DECLARED MORTGAGE. A married woman inherited from her mother certain land, subject to an incumbrance of $666.25. Her husband's father at the request of the husband, paid off the incumbrance. The husband and wife then conveyed the land, by warranty deed, to the husband's father, who in turn conveyed it to a trustee, for the benefit of the husband and wife for life, with remainder in fee to their children. *Held*, that the husband and wife, having made the warranty deed with full knowledge of its object and purpose, can not have such deed reformed and declared a mortgage and themselves thus made the debtor of the husband's father.

*Transferred from St. Louis Court of Appeals.*

AFFIRMED.

J. R. MYERS for appellants.

CHAS. F. KRONE, LUBKE & MUENCH and J. M. HOLMES for respondents.

BURGESS, J.—Plaintiffs are husband and wife. The wife inherited from her mother the land described in the petition, subject to an incumbrance of $666.25. This was paid off by the defendant Jacob Scheer, the father of Philip, at the latter's request, whereupon plaintiffs executed to him a warranty deed to the land, and he in turn conveyed the land to a trustee, for the benefit of plaintiffs for life, with remainder in fee to their children.

The suit is for a divestiture of title under the latter deed and a reformation of the warranty deed to the defendant Jacob Scheer, and to make it a conveyance in trust to secure the amount advanced by him at the request of Philip to pay off the incumbrance on the land at the time Annie Scheer inherited it.

There was judgment for defendants in the court below, and plaintiffs having unsuccessfully moved for a new trial, took the case by appeal to the St. Louis Court of Appeals, and that court certified the case to the Supreme Court, upon the ground that the title to real estate is involved. [Overton v. Overton, 131 Mo. 559.]

It is impossible to read the record in this case without becoming firmly convinced that there is no merit in this case. Plaintiffs knew well when they made the deed to the defendant Jacob Scheer its object and purpose, which was for him to convey it to Adam Fuhrmann as trustee for their benefit during their lives and for division upon the death of the survivor between their children. Jacob Scheer does not claim that plaintiffs owe him anything. On the other hand, his object in removing the incumbrance on the land was that his grandchildren might have the benefit of it, and it was not a loan to the plaintiffs. Yet by this suit they seek to make themselves his debtors and to reform an absolute deed which they knowingly and purposely made, and have it declared a deed of

trust on the property to secure the $666.25 advanced by de-
fendant Jacob. The very object intended by those convey-
ances, one of which we are asked to declare to be a mortgage,
and the other to cancel and set aside would be thwarted by so
doing. This was the result of the decision of the court be-
low, as to the correctness of which we have no doubt.

The judgment is affirmed. GANTT, P. J., and SHERWOOD,
J., concur.