## VANDERGRIF v. BROCK, Appellant.

**Division One, December 11, 1900.**

Appeal: TITLE TO REAL ESTATE: DEED OF TRUST: ACCOUNTING FOR PAYMENTS.    Where the validity of a deed of trust is conceded, and plaintiff's suit is for an accounting, claiming that he has made payments on a note secured thereby, which, if they had been credited on the note, would have fully paid it, and the only issue is whether or not such payments have been made, the cause does not involve title to real estate.    (Overruling May v. Trust Company, 138 Mo. 275.)

| | |
|---|---|
| 158 | 681 |
| 159 | 588 |
| 158 | 681 |
| 92a | 455 |
| 158 | 681 |
| 170 | 227 |
| 171 | 463 |
| 175 | 99 |

Transferred from St. Louis Court of Appeals.

REMANDED TO ST. LOUIS COURT OF APPEALS.

*N. Gibs* and *Samp. Jennings* for appellant.

*John C. Turk* for respondent.

BRACE, P. J.—This is an appeal from the circuit court of Lawrence county to the St. Louis Court of Appeals, transferred by the latter to this court, the Court of Appeals in its opinion per Biggs, J., saying: "This is an action in equity to set aside a deed of trust to lands on the alleged ground that the conveyance was obtained by fraud, and that the debt has been fully paid. Under the decision of the Supreme Court in Overton v. Overton, 131 Mo. 559, such a suit involves title to real estate within the meaning of the Constitution limiting the jurisdiction of this court. The cause will therefore be transferred to the Supreme Court for determination." [73 Mo. App. 646.]

The petition is as follows:

"Plaintiff states that on the first day of October, 1894, he executed his certain deed of trust, recorded in the office of the recorder of deeds, of said Lawrence county, in deed of trust book 32, at page 239 thereof, whereby he conveyed to one J. Brock, the following described premises to-wit: The southwest quarter of the southwest quarter of section twenty-four, township twenty-nine, north, of range twenty-six, west of the fifth principal meridian, containing forty acres; also all of the northeast quarter of the northeast quarter of section twenty-three, in said township twenty-nine , north, of said range twenty-six, west, containing forty acres more or less. All of said real estate is situate in county of Lawrence, in the State of Missouri. Plaintiff says that said conveyance was in trust to secure the payment to one W. G. Swinney, of a certain promissory note in said deed of trust described, and that said note was executed by plaintiff, for the principal sum

of one hundred and twenty dollars, and of even date with said deed of trust, and due nine months after date thereof. That at the time of the execution by plaintiff of the said deed of trust and the said note, therein described as aforesaid, said J. Brock and one M. E. Swinney were co-partners, and engaged in and carrying on a loan business at Ash Grove, Missouri, under the firm name of Swinney & Brock, and that the note described in said deed of trust was given as aforesaid in payment of a loan then and there procured of said firm in the said sum of one hundred and twenty dollars, by plaintiff. That the plaintiff can not read and write and that without the knowledge or consent of plaintiff, the said firm of Swinney & Brock, made the said J. Brock trustee in the said deed of trust, and the said W. G. Swinney, husband of the said M. E. Swinney, payee in said note. That thereafter the said firm of Swinney & Brock dissolved said co-partnership, the exact date of which plaintiff is not informed, and divided up the assets of said firm. That said one hundred and twenty dollar note, executed as aforesaid by plaintiff, long after maturity was assigned and delivered by said Swinney to one Allie Brock, who is the wife of said J. Brock, and the defendant in this action. That at the time of said assignment of said note and long prior thereto said firm and said Allie Brock, connived together corruptly and unlawfully, to beat and evade the usury laws of this State, and to extort and exact from plaintiff usurious interests, commissions and extension money upon said indebtedness, and that defendant since the assignment and delivery of said note to her, in divers sums and at divers times has continued to charge and receive from plaintiff unlawful and usurious interest thereon, and plaintiff avers that all of said payments were made by him in discharge of the principal and legal interest due by said note, and plaintiff was led by said firm and defendant to believe that just and

proper credits were duly entered on the back of said note and that proper and correct receipts were at the time of making such payments delivered to the .plaintiff. That defendant Allie Brock is the holder and present owner of said note, and that said defendant well knew at the time that said payments made by plaintiff both before and after the assignment of the note to her, were made by plaintiff in good faith, and in discharge of the legal indebtedness due by said note, and the said defendant did take undue advantage of plaintiff's inability to read and write by filling up a note or contract for the plaintiff to sign each time that plaintiff made a payment on said secured note, which said note or contract in each case is void and a cheat, being without any consideration therefor; that such pretended notes or contracts, said defendant induced plaintiff to believe, were receipts in good faith for the various amounts therein named and paid by plaintiff on said secured note both before and after the assignment of said note to the defendant; instead of a receipt for the amount of such payment, plaintiff was given a pretended note or contract for the amount of such payment, and no credit whatever was entered upon said note. Plaintiff further states that he has paid as aforesaid upon said one hundred and twenty dollar note all the indebtedness due thereby and secured by said deed of trust, and is entitled to have the same released and canceled of record. That plaintiff has complied with all the terms, covenants and provisions of said deed on his part, and defendant has received full satisfaction of the same and has requested said defendant Allie Brock to acknowledge satisfaction of said deed of trust by executing and delivering to plaintiff a sufficient deed of release thereof, and has tendered to said defendant for execution a proper deed of release together with legal and proper costs for making such release; yet defendant has failed and refused to either acknowledge satis-

Vandergrif v. Brock.

faction of said deed of trust on the margin of the record
thereof or to execute the plaintiff a sufficient deed of release,
and threatens to foreclose the lien of said deed of trust on said
premises and to advertise and sell said real estate under said
deed of trust, claiming the whole of the principal sum due by
said note and unpaid.    Plaintiff states that by the acts of the
defendant aforesaid he has been damaged in the sum of fifty
dollars.    Wherefore plaintiff prays that an accounting be
taken of the amount, if any, due defendant on said promissory
note for principal and interest, and that plaintiff be permitted
to redeem said premises from the lien of said deed of trust
upon payment of whatever sum, if any, may be found justly
payable to defendant, and further that defendant be ordered
to acknowledge satisfaction of said deed of trust on the
margin of the record thereof, or execute the plaintiff a good
and sufficient deed of release thereof, and for such other and
further relief as the court shall deem meet and just in the
premises."

The answer is as follows:

"Comes now defendant in above entitled cause and for
answer to plaintiff's petition says that she denies each and
every allegation in plaintiff's petition contained, except the
execution by plaintiff of the deed of trust and note in plain-
tiff's petition described, and defendant avers that there is
now due on said note to this defendant the sum of one hundred
and forty-three dollars and ninety-four cents, and that no
part of the principal sum of said note, or of the interest
thereon, has ever been paid by plaintiff.    That said note by
the terms thereof, bears interest from date at the rate of
eight per cent per annum and if the interest be not paid
annually to become as principal and bear the same rate of
interest.    That this defendant is the legal holder and owner
of said note, that this defendant is now ready and at all times

has been ready to release said deed of trust upon the payment to her of the full amount of the debt and interest secured thereby; and upon the payment to her of the expenses necessary for the relinquishment thereof."

The ruling in Overton v. Overton, 131 Mo. loc. cit. 566, upon the authority of which the transfer was made, is as follows: "The object of this action is to set aside a deed of trust to land on the alleged ground of fraud in its procurement. Such a suit involves title to real estate within the meaning of the Constitution defining jurisdiction of this court as heretofore interpreted. Nearen v. Bakewell (1892), 110 Mo. 645 (19 S. W. Rep. 988)."

In that case the validity of the deed of trust was the question in issue, the question to be tried and determined, therefore, title to real estate under that deed was in issue, was tried, and was adjudicated, and this court had jurisdiction of the appeal. But it is obvious on the face of the pleadings, that the validity of the deed of trust and of the title thereunder is not in issue in this case. On the contrary the validity of the deed of trust is conceded, and upon it the plaintiff predicates his right of action to have credited upon the note secured thereby payments which he alleges he has made but which have not been credited. What he seeks is an accounting of those payments, and their application to the note secured by the deed of trust, with a prayer for the relief he would be entitled to if he succeeds in establishing those payments in whole or in part. There is no controversy whatever about the title to the land. In order to give this court jurisdiction it is not sufficient that title to real estate may be affected by the judgment, but that the title should be in issue on the trial in which the judgment is rendered, otherwise title to real estate is not involved in the case within the meaning of the Constitution. [Ozark Land Co. v. Robertson, 158

Mo. 322, and cases cited; Gay v. Savings & Bldg. Ass'n, 149 Mo. 606; Bender v. Zimmerman, 145 Mo. 636; Heman v. Wade, 141 Mo. 598; May v. Mortgage Trust Co., 138 Mo. 447; McGregor v. Pollard, 130 Mo. 332; Bailey v. Winn, 101 Mo. 649; State ex rel. v. Court of Appeals, 67 Mo. 199.] As was said per BLACK, J., in Bailey v. Winn, *supra*, approved in McGregor v. Pollard, *supra*: "It is not enough that the judgment, when carried into execution, will affect the title to land. The title must be involved in the suit itself, and be a matter about which there is a contest." In Gay v. Sav. & Build. Ass'n, *supra*, which was a suit in equity to enjoin defendants from selling plaintiff's land under a deed of trust, this court per VALLIANT, J., said: "The plaintiff's contention is that upon an equitable statement of the account he would be entitled to a credit of $800, which would extinguish the mortgage debt. How is title to real estate involved in that controversy? The validity of the deeds is not questioned. If the decree should be in plaintiff's favor the effect would be that he would have credit for $800 in addition to undisputed credits, and if that were sufficient to cancel the debt the decree would be that the mortgage was satisfied. If not sufficient to cancel, then the decree would ascertain the balance of the mortgage debt remaining unpaid and direct foreclosure for that amount. In any event it is only a question of the amount of money due on the mortgage debt. Suppose instead of being a deed of trust it was simply a mortgage, and defendant had filed a suit to foreclose it, and the plaintiff for defense had pleaded the facts he now pleads, not claiming that the mortgage was invalid, but that these conditions existed that entitled him in equity to a credit of $800 on the mortgage debt? Could it be said that title to real estate was involved?" The court answered these queries by holding that title to real estate was not in controversy,

Vandergrif v. Brock.

hence not involved in the case, and transferred it to the Court of Appeals.    And the same answer must be returned to a like inquiry in this case, in which the issue is of the same nature. There is one decision of this court, however, which might have been cited as authority for transferring this case to this court, and that is the case of May v. Trust Co., 138 Mo. 275. But as that case is not in accord with the long line of decisions on this subject, its ruling thereon ought not to be regarded as authority.

It follows from what has been said that this case must be remanded to the St. Louis Court of Appeals for final determination and it is so ordered.

All concur.