## MOLLIE LAPPIN et al. v. A. B. CRAWFORD et al., Respondents.

### St. Louis Court of Appeals, February 18, 1902.

1. **Jurisdiction: TITLE TO LAND: DEED OF TRUST: SUPREME COURT.** In the case at bar the title to land is involved and the jurisdiction of the appeal is in the Supreme Court. (Overton v. Overton, 131 Mo. 559.)

2. ————: ————: ————: **FRAUD: DURESS.** The title to land is involved when the validity of a deed of trust is directly called in question and the instrument is sought to be set aside on account of fraud, duress or other illegality in its procurement.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

TRANSFERRED TO THE SUPREME COURT.

*C. J. Wright* and *C. W. Hamlin* for appellant.

Plaintiffs' petition states a good cause of action. Fout v. Giraldin, 64 Mo. App. 165; Raddick v. Hutchinson, 95 U. S. 210. In order to render an instrument void on the ground that it is not the act of the party executing the same, it does not have to be executed under actual duress, i. e., fear of any bodily harm being inflicted upon them, but in the language of the Supreme Court in case of Bell v. Campbell, 123 Mo. 115, "where surprise and sudden action are the chief ingredients, where due deliberation is, therefore, wanting, these incidents are classed by courts of equity under the head of fraud or imposition. Wherever undue advantage is taken of party "under circumstances which mislead, confuse or disturb the just result of his judgment, and thus expose him to be the victim of the artful, the importunate, and the cunning," where proper time is not allowed to the party, and he acts improvidently, if he is importunately pressed, if those in whom he places confidence make use of strong persuasions, if he is not fully aware of the consequences, but is suddenly drawn into the act, in these and many like cases, if there has been great inequality in the bargain, courts of equity will assist the party upon the ground of fraud, imposition, or unconscionable advantage." Story's Equity Jurisprudence (13 Ed.), 239. This is unquestionably the law in this State.

*Benj. U. Massey* for respondent.

The agreement, all of it, in relation to all matters pertaining to said loan procured by Crawford for said parties, as set out in plaintiff's petition, was a contract in which the parties thereto dealt on equal footing with each other. There was no duress exercised or threats made. Crawford refused to make the loan unless he was paid what he demanded. Plaintiffs considered, and concluded they would rather pay the charges de-

Lappin v. Crawford.

manded by Crawford than suffer foreclosure of the mortgage of O'Day. It does not appear that Crawford had any control over or concern with the O'Day mortgage. It only appears that the Lappins wanted money very badly with which to pay the O'Day debt, and that Crawford got as much out of them as he could for furnishing it. Such conditions are incidents of everyday life, and courts can not undo trades made under such circumstances, and make different arrangements between parties more comporting with generally accepted ideas of morality, equity and good conscience. Kitchin v. Greenbaum, 61 Mo. 110; Davis v. Luster, 64 Mo. 43; Fout v. Geraldine, 64 Mo. App. 170; Hackley v. Headley, 45 Mich. 570.

GOODE, J—This is a suit by the plaintiff to have cancelled two promissory notes and a deed of trust given on certain land to secure them, on the grounds that there was no consideration for them and that their execution was compelled by duress. The case went off, in the court below, on a demurrer to the plaintiffs' petition.

We are of the opinion that jurisdiction of the appeal belongs to the Supreme Court, as the title to land is involved. The cause of action as stated makes a controversy undistinguishable from Overton v. Overton, 131 Mo. 559, in which case the judgment of the circuit court was likewise pronounced on demurrer.

There have been some fluctuations in the decisions as to when the title to land is involved in an action within the meaning of the Constitution regulating our jurisdiction; but we think the Supreme Court has steadily adhered to the ruling that it is so involved when the validity of a deed of trust is directly called in question, and the instrument sought to be set aside on account of fraud, duress or other illegality in its procurement. Vandegrif v. Brock, 158 Mo. 681.

It is therefore ordered that this cause be transferred to the Supreme Court. All concur.