JIM KING, Appellant, v. SAM HAYES, N. W. HEIM and W. L. CANTRELL.—4 S. W. (2d) 1062.

Division Two, March 24, 1928.

570

*Ward & Reeves* for appellant.

*Von Mayes* for respondents.

BLAIR, J.—Suit in equity in the Pemiscot Circuit Court, brought by appellant to subject real estate belonging to respondents to the lien of a judgment obtained by appellant against the deceased grantor of respondents. Respondents filed an amended answer, to which appellant filed reply. Thereafter respondents moved for judgment on the pleadings. Said motion was sustained by the trial court and judgment went accordingly. Thereafter an appeal was granted to this court.

The appellate jurisdiction of this court has not been challenged. But it is our duty to determine that question for ourselves before we are authorized to enter into a consideration of the merits of the case. [Village of Grandview v. McElroy, 298 S. W. (Mo.) 760, and cases cited.]

The amount involved in this case is the unpaid portion of a judgment for $3500. Appellant seeks to have this judgment declared a lien on the real estate. Unless the relief sought involves the title to real estate, we have no appellate jurisdiction. Title may be indirectly affected by the granting of the prayer of the petition, because the real estate might be sold under an execution issued on the judgment, if such judgment is declared a lien upon said real estate. But this is exactly what occurs whenever any judgment for money only is rendered. The question is whether title to real estate is involved in the sense meant by Article VI, Section 12, of our Constitution. Appellant does not dispute respondents' title to the real estate. The object of the suit is to have appellant's judgment declared to be a lien upon the real estate superior to respondents' conceded title.

In Bailey v. Winn, 101 Mo. 649, l. c. 658, 12 S. W. 1045, it was said: "It is not enough that the judgment, when carried into execu-

tion, will affect the title to land. The title must be involved in the suit itself, and be a matter about which there is a contest.''

In Balz v. Nelson, 171 Mo. 682, l. c. 688, 72 S. W. 527, it was said: ''If the suit was simply to establish or enforce a special tax bill, or a mechanic's or vendor's lien or any other kind of a lien, the title to real estate would not be involved. [State ex rel. v. Court of Appeals, 67 Mo. 199; Corrigan v. Morris, 97 Mo. 174; Bobb v. Wolff, 105 Mo. 52; Syenite Granite Co. v. Bobb, 97 Mo. 46; Baier v. Berberich, 77 Mo. 413; Bailey v. Winn, 101 Mo. 649.] And the reason is that in all such cases the title is necessarily conceded to be in the defendant, for otherwise the plaintiff would not be entitled to a lien against the land in that suit, and therefore no judgment that could be rendered in the case could divest the title out of the defendant. The result of the establishment of the lien on the land and the sale of the land to satisfy the judgment might be that the defendant would lose the land, but the same is true in every case of a judgment against one who owns land. In such case the title to the land passes as the legal result of a sale on execution to satisfy the judgment, but the judgment itself rendered in the case does not strike down a muniment of title or, *ipso facto* and without any execution, divest title from the defendant.''

In Klingelhoefer v. Smith, 171 Mo. 455, l. c. 462, it was said: ''But in addition to the prayer for a writ of prohibition, is also a prayer for an order on the Court of Appeals to transfer the cause to this court. If that court had no jurisdiction of the subject it should have sustained the motion to transfer the cause to this court, and having failed to do so, it would devolve on this court to make an order requiring the transfer. We are thus led to a consideration of the question, was title to real estate involved in the suit? There is no doubt but that in the first suit mentioned, wherein these petitioners sued their mother to have a resulting trust in the land declared in their favor, title to real estate was involved, but in the suit in which this appeal was taken to the Kansas City Court of Appeals there was no title to real estate involved. The gist of the petition in the case and of the decree was that those daughters had knowingly and approvingly allowed the title to be taken in their mother's name, and thereby had given her a credit on the faith of which the plaintiff had loaned the money which was the foundation of the judgment, and the prayer of the petition was that as to him the title should be deemed to be in the mother, and the land subjected to the payment of plaintiff's judgment. And that was the decree. The title as between mother and daughters was not sought to be disturbed, but because they had misled the plaintiff to his disadvantage by their behavior, the decree was that their land should be charged with the debt. The title to real estate was not involved

in the case and the Kansas City Court of Appeals had jurisdiction. [Citing cases.]''

A suit to establish a lien upon real estate does not directly involve title to real estate. [Bruner Granitoid Co. v. Klein, 170 Mo. 225, 70 S. W. 687; Stark v. Martin, 204 Mo. 433, 1. c. 439, 102 S. W. 1089; Balz v. Nelson, supra.]

Appellant cites and relies upon Truesdale v. Brennan, 72 Mo. App. 547, which is the only case cited by him which we regard as at all in point. That was a suit to determine the priority of liens as between two deeds of trust. The St. Louis Court of Appeals held that title to real estate was involved and transferred the case to this court, where the case was decided on the merits (Truesdale v. Brennan, 153 Mo. 600, 55 S. W. 147) without any discussion of the question of our jurisdiction.

In holding that title to real estate was involved, the Court of Appeals cited Overton v. Overton, 131 Mo. 559, 33 S. W. 1, which was a suit to set aside a deed of trust; Nearen v. Bakewell, 110 Mo. 645, 19 S. W. 988, which was also a suit to cancel certain notes and a deed of trust on land securing such notes and where the question of jurisdiction was not considered at all; Wells v. Lietmann, 60 Mo. App. 37, which was a suit to establish an easement for a road, and McAnaw v. Matthis, 129 Mo. 142, 31 S. W. 344, and St. Louis Brewing Assn. v. Howard, 68 Mo. App. 198, which were both suits to set aside execution sales of land. It is quite apparent that cases thus cited were all cases directly involving the title to or an interest in the land itself, and did not support the conclusion reached on the facts in the Truesdale case.

Appellant cites Loewenstein. v. Insurance Co., 227 Mo. 100, 1. c. 127, 127 S. W. 72. There the cancellation of a deed of trust was prayed. The judgment sought directly affected title. The same relief was sought in Tressler v. Whitsett, 280 S. W. (Mo. App.) 438, cited by appellant. The last case cited by appellant in his brief, Conrey v. Pratt, 248 Mo. 576, 154 S. W. 749, was a suit to foreclose a mortgage and the defense made was that the mortgage was fraudulently obtained and its cancellation was prayed. The relief asked in the answer unquestionably involved title to real estate.

Hence, it appears that our jurisdiction is claimed by appellant (and by respondent as well) upon the sole authority of Truesdale v. Brennan, supra. That case appears to be in conflict with other cases we have cited and should not be followed. The mere fact that the priority of liens, as between a judgment of record and some claim of the respondents, is at issue, does not give the Supreme Court jurisdiction, where it would have none if only the establishment of one lien was sought. See Stark v. Martin, supra, where GRAVES, J., said:

"Is title to real estate involved within the meaning of Section 12 of Article VI of the Constitution? We think not. The most that can be said of this petition is, that it seeks to have the written instrument sued upon declared a first lien upon the land in dispute, and then a foreclosure of such lien. In other words, it asks the court to find the amount of a lien and enforce the same by special execution prior to other admitted liens pleaded. Neither by the petition nor by the answers is it sought to have even a mortgage or deed of trust cancelled. At most the trial court was called upon to determine the mere priority of liens. The title, by all parties, is admitted to be in Ed. Martin. If the court had entered judgment for plaintiff, the same might have been satisfied by a payment of the judgment. In such cases we have held that title to real estate is not involved in such manner as to give this court jurisdiction."

Finding that the title to real estate in the constitutional sense (Art. VI, sec. 12) is not involved in this case and there being no other ground upon which our appellate jurisdiction may be invoked, the cause should be transferred to the Springfield Court of Appeals. It is so ordered. All concur.