STATE *ex rel.*, HAEUSSLER v. COURT OF APPEALS.

Supreme Court: JURISDICTION: APPEAL FROM ST. LOUIS COURT OF APPEALS, WHEN IT WILL NOT LIE. A suit to enjoin a sale of real estate under execution, upon the ground that such sale would cast a cloud upon the title, is not a case involving the title to real estate within the meaning of that clause of section 12, article 6, of the constitution of 1875, which declares that appeals shall lie from the decisions of the St. Louis Court of Appeals to the Supreme Court, in all such cases.

*Mandamus to the Judges of the St. Louis Court of Appeals.*

*Edwin Silver and H. Haeussler* for relator.

The title to real estate is involved. The question is analogous to that presented by a bill in equity to remove a cloud on title to real property. *Clark v. Cov. Mut. Ins. Co.,* 52 Mo. 272; *Sullivan v. Finnegan,* 101 Mass. 447; *Clouston v. Shearer,* 99 Mass. 209; *Pettit v. Sheperd,* 5 Paige 493; *Christie v. Hale,* 46 Ill. 117.

*W. B. Thompson* for respondent.

HOUGH, J.—On the 23rd day of March, 1876, the relator filed a petition in the circuit court of St. Louis county, to enjoin a sale under execution of certain real estate in St. Louis, upon the ground that such sale would cast a cloud upon his title. A perpetual injunction was decreed by the circuit court, and on appeal to the Court of Appeals the judgment of the circuit court was reversed, and the cause remanded. Thereupon the relator applied for an appeal to this court, and the Court of Appeals refused to allow the same. The relator now asks that a writ of mandamus be issued by this court compelling the Court of Appeals to grant him an appeal. His application is founded upon that provision of the constitution, which declares that appeals shall lie from the decisions of the Court of Appeals to this court, in all cases involving the title to real estate. The suit for injunction prosecuted by the relator is not one involving the title to real estate, within the meaning of the constitution. The result of the litigation may *affect* the title to real property, as would every suit in which a judgment could be rendered which would be a lien on real estate, but it cannot be said to *involve* the title.

At the January term, 1876, at St. Louis, we decided that suits on special tax bills, and to foreclose mortgages, and to enforce mechanics liens, were not suits involving

title to real estate, and all such cases involving sums within the final jurisdiction of the Court of Appeals which were docketed in this court after the establishment of that court, were transferred to it. The real matters which the relator seeks to have determined in the suit for injunction, are the validity and effect of the proceedings under which the execution sale is threatened to be made. He has, as yet, no contest with any one about the title to his property. The writ will be denied. All concur.

WRIT DENIED.