McGregor, *Administratrix*, v. Pollard, *Plaintiff in Error.*

Division One, November 7, 1895.

1. **Appellate Jurisdiction:** AMOUNT INVOLVED. The amount of plaintiff's judgment, and not the sum demanded in his petition, determines the jurisdiction of the appellate court, the judgment being complained of by defendant alone.

2. ———: "TITLE TO REAL ESTATE." An action seeking merely to charge a part of plaintiff's demand on defendant's land does not involve title to real estate within the provision of the constitution relating to the appellate jurisdiction of the supreme court.

*Appeal from Lincoln Circuit Court.*—Hon. E. M. Hughes, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*R. H. Norton* and *Morton Jourdan* for plaintiff in error.

*Charles Martin* and *T. F. McDearmon* for defendant in error.

Brace, P. J.—It appears from the evidence in this case that in a proceeding in partition in the circuit court of St. Charles county between the heirs of Matthew N. Clay, deceased, there was set off to his daughter, Nancy J., certain lands in said county in the commissioners' report made to said court on the twenty-fourth of September, 1872, as her share as one of the heirs at law of her said father; that afterward, in 1876, the said Nancy J. intermarried with the defendant James H. Pollard; that afterward, to wit, on the twenty-seventh day of July, 1878, the said James H. Pollard and his wife, the

said Nancy J., by warranty deed duly executed, conveyed said lands to one Peter Rummert for the consideration of $3,300, $1,000 of which was paid in cash, and for the remainder the said Rummert executed his promissory note of that date for the sum of $2,300 payable to the order of the said James Pollard within two years after date with interest from March 1, 1879, and on the same day the said Rummert and wife, parties of the first part, conveyed said lands by deed of trust to H. S. Clay, party of the second part, to secure the payment of the said promissory note to the said James Pollard, party of the third part.

That afterward, to wit, in August, 1887, the said Nancy J. died intestate without lineal descendants, and on the fifth day of March, 1888, letters of administration on her estate were granted to her sister, the plaintiff, Josephine McGregor, who as such on the seventeenth day of March, thereafter, instituted this suit charging in her petition "that the whole of the proceeds of the sale of said lands so belonging to the said Nancy J. Pollard in her own right as aforesaid was received by the said respondent James H. Pollard, and, without the written consent of the said Nancy J. Pollard, was by him converted and appropriated to his own use and benefit and never accounted for or paid to the said Nancy J. Pollard or anyone else." That of the moneys so converted he used the sum of $1,500 in paying off certain mortgages or deeds of trust which were liens upon land owned by the defendant and described in the petition, and that he used the further sum of $1,000 in making improvements on said lands, and prayed for judgment for the amount of the proceeds of said lands so converted, and that the said sums of $1,500 and $1,000 be declared a lien and charge upon said lands of the defendant.

The case was tried as a proceeding in equity.   The

court found from the evidence that the defendant received of the proceeds of the sale of the land of the said Nancy J. the sum of $1,000, which he had converted to his own use without her written consent, and that, afterward, in like manner, he had received the further sum of $250 of such proceeds which he had used in the improvement of the dwelling house on his own land; rendered judgment in favor of the plaintiff for the sum of $1,250, and decreed that $250 thereof be made a special lien and charge upon the defendant's said lands; awarded special execution against said lands for that amount, and general execution for the remainder. Thereupon the defendant moved to set aside the judgment and for new trial, which motion being overruled he brings the case here, upon exceptions duly saved, by writ of error.

1.   On the threshold of the inquiry in this case is a question of jurisdiction that seems to have been overlooked by counsel, but which we can not ignore, and which will preclude us from determining the controversy.   While the petition demanded the whole amount of the proceeds of the wife's land, an amount that would bring the case within the jurisdiction of this court, the judgment was for $1,250 only, an amount within the jurisdiction of the St. Louis court of appeals. There was no evidence given upon the trial upon which the plaintiff could claim a judgment for a greater amount. She takes no exception to the judgment for that amount, but stands upon it, and asks that it be affirmed.   The defendant alone complains and brings the case here for review, and the only amount in dispute is the amount of the judgment. *Reichenbach v. Benefit Ass'n*, 112 Mo. 24; *Anchor Milling Co. v. Walsh*, 97 Mo. 287; *State ex rel. v. Lewis*, 96 Mo. 146; *Kerr v. Simmons*, 82 Mo. 269; *State ex rel. v. Court of Appeals*, 87 Mo. 569.

2.  Nor does this case involve the title to real estate.  No question of title to real estate is raised in the case.  The plaintiff seeks to simply charge a part of her demand on certain real estate belonging to the defendant, but title thereto, or to any land, is not affected by the adjudication.  In such case, title to real estate is not involved within the meaning of the constitution so as to give this court jurisdiction.  "It is not enough that the judgment, when carried into execution, will affect the title to land.  The title must be involved in the suit itself, and be a matter about which there is a contest."  *Bailey v. Winn*, 101 Mo. 649; *Bobb v. Wolff*, 105 Mo. 52; *Syenite Granite Co. v. Bobb*, 97 Mo. 46.

As it appears from the record that this cause is within the jurisdiction of the St. Louis court of appeals, it will be transferred to that court for determination. All concur.