LEMMON, *Appellant*, v. LINCOLN *et al.*

Division One, November 7, 1895.

**Supreme Court:** JURISDICTION.  A suit to subrogate plaintiff to the rights of the mortgagees in certain mortgages that have been released on the record, in the circumstances stated in the opinion, does not involve title to real estate, within the meaning of the constitution, defining the jurisdiction of the supreme court.

*Appeal from Vernon Circuit Court.*—HON. JAMES H. LAY, Special Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*M. T. January* for appellant.

As this suit seeks subrogation only—to declare a lien and enforce it—title to real estate is not involved,

and the appeal should have been granted to the Kansas City court of appeals. *Gardner v. Terry*, 99 Mo. 523.

*Burton & Wight* and *O. H. Hoss* for respondent McGowan.

BARCLAY, J.—This is a suit by which plaintiff, Mr. Lemmon, seeks to be subrogated to the rights of mortgagees in certain mortgages which have been released of record. The principal defendant, Mr. McGowan, claims the land on which the mortgages rested; but he claims it free of any such incumbrance or lien as plaintiff seeks to impose by this action.

The pleadings need scarcely be more specially mentioned.

The trial court gave judgment for defendants. Plaintiff appealed in the ordinary manner.

D. C. Lincoln owned the land in his lifetime and put upon it two mortgages (or deeds of trust of that nature); one for $600, in 1882, and the second for $100, in 1884. He died in 1888, leaving these incumbrances unpaid. His son, R. L. Lincoln, was appointed administrator of the estate. He duly qualified as such. He purchased the interest of his mother and of his brothers and sisters in the estate of his father. Then he applied to plaintiff for a loan sufficient to discharge the said mortgages, which had become due. He also made affidavit that all the debts of the estate of his father had been paid, and so represented the fact to plaintiff, who thereupon loaned him $950, taking a mortgage on the same realty to secure his personal note for that amount. The proceeds of the loan were applied to discharge the two mortgages of Mr. Lincoln, deceased, as well as taxes and expenses. The balance of the loan was appropriated to his own use by the borrower, R. L.

Lincoln. The paid mortgages were released of record by the holders of the notes secured thereby.

The last loan was made in 1888, before the expiration of one year from the death of the older Lincoln. Afterward, in proper time, claims were probated against his estate to the amount of some $300, and the original administrator absconded. An administrator *de bonis non* was appointed in his stead. Owing to a want of other sufficient assets, the land in question was put up for sale in the course of administration to meet the probated demands of the estate. Two sales of this sort occurred, the first of which was disapproved by the probate court; the second, July 6, 1891, resulted in a purchase of the land by the chief defendant, McGowan, who claims title on that account, the court having let that sale stand.

As default was made by the younger Lincoln on his mortgage given to plaintiff, the latter foreclosed, and by a sale, February 3, 1890, under the terms of the deed, became the purchaser of the property. He took possession of the land at once, and was in possession when McGowan purchased at the final sale of the administrator in 1891.

Plaintiff now asserts (and by this suit seeks a decree) that he is entitled to be subrogated to the rights of the holders of the original mortgages executed by Lincoln, senior, so as to impose a lien on the land for the amount which would be due on those instruments, and which the funds loaned by plaintiff were applied to discharge.

This claim raises the main issue of law in the case.

We do not give the details of testimony, but merely an outline sufficient to indicate the substance of the controversy.

A question has been raised as to the jurisdiction of this court to act on such a case.

Under the constitution, the only ground on which it can be said that it belongs here is that title to real estate is involved.   Const., 1875, art. 6, sec. 12.

But, is the title involved?

Plaintiff asks the reinstatement of the liens which the mortgages represented. He asks to have the amount of those incumbrances which his funds discharged adjudged an equitable charge on the land upon the principle of subrogation, notwithstanding the release of those instruments on the record.

It has been several times held that the mere assertion, or attempt to assert, a disputed demand as a lien against real property does not involve title to the latter, within the intent and meaning of the constitution defining the jurisdiction of this court. *State ex rel. v. Court of Appeals* (1877), 67 Mo. 199; *Baier v. Berberich* (1883), 77 Mo. 413; *Corrigan v. Morris* (1889), 97 Mo. 174 (10 S. W. Rep. 880); *McGregor v. Pollard* (1895), 130 Mo. 332 (32 S. W. Rep. 640).

Every circuit judgment for a sum of money is a statutory lien upon the real estate of the party against whom it is rendered; but every judgment does not, on that account, involve title to real estate, in the sense of the constitutional provisions in regard to the supreme court.

A party against whom such a judgment goes may relieve his land of the charge by payment thereof. The title is not changed by the judgment, but is merely subjected to the lien of judgment to better secure the payment of the latter.

In the present case, defendant McGowan might at once free the land from plaintiff's claim by paying the sum sought to be charged upon the property as a lien. Any judgment that might be rendered in the cause, though it might subject the land to plaintiff's demand,

would not have the effect, by its own force, to do. more than place a lien upon McGowan's estate.

But, it seems unnecessary to enter upon an extended discussion of our ruling in view of the precedents on this point already cited. We are of opinion that the pending appeal does not involve title to real estate. It is therefore transferred to the Kansas City court of appeals for decision. BRACE, C. J., and MacFARLANE and ROBINSON, JJ., concur.