## THE STATE ex rel. REED, Collector, v. ELLIOTT et al., Appellants.

**Division One, March 17, 1904.**

1. **APPELLATE JURISDICTION: Suit for Taxes: Motion to Set Aside Sale and Judgment.** The Supreme Court has no jurisdiction of an appeal from the .order of court overruling defendant's motion to set aside a sheriff's sale of defendant's lands for city taxes due against the lands, and to set aside the judgment against defendant for such taxes, if the amount of the judgment against him is only $22.50. Such a judgment does not involve title to real estate; neither does the order of the court overruling the motion to set the sale aside, filed before the sale was approved. (Overruling, on this point, McAnaw v. Matthis, 129 Mo. 142.)

2. ———: ———: **Assumption of Title.** A suit to collect taxes due against real estate is a suit to fasten a lien on the defendant's real estate, and it necessarily assumes that the title is in the defendant. It is simply an action *in personam*. Hence, neither the judgment therein against defendant, nor an order overruling a motion to set aside the sale of the land under execution to satisfy the judgment, and to quash the execution, involves title to real estate in the sense to give the Supreme Court jurisdiction over an appeal from the court's order overruling the motion.

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*Howard Gray* for appellants.

*Geo. E. Booth, E. O. Brown* and *Geo. W. Crowder* for respondent.

MARSHALL, J.—This is an appeal from an order overruling a motion to set aside a sheriff's sale of real estate for delinquent taxes.

The facts are: that the relator, as city collector of Webb City, brought suit against the defendants, to re-

cover the city taxes on a certain twenty acres of land, for the years 1893 to 1897, inclusive, aggregating, with interest and penalties, the sum of $76.82. The defendants were properly summoned, and appeared, pleaded and defended the case, with the result that a judgment was rendered in favor of the defendants for the taxes claimed for all the said years except the year 1894, and in favor of the relator for the taxes for that year, amounting to $22.43, and "that the State lien against said real estate be enforced," and the land be sold to satisfy the same. The execution followed the judgment and declared the judgment to be "a lien in favor of the State of Missouri upon the above described real estate," and ordered the sheriff to sell the land to satisfy the State's lien therefor. The judgment was rendered and the execution issued at the March term, 1899, of the Jasper Circuit Court. The next term of the circuit court was in September, 1899. At the September term, to-wit, on September 5, 1899, the sheriff sold the land, and Geo. W. Taylor became the purchaser thereof for $12.50. The testimony shows that the land was worth four thousand dollars. Thereafter, at the said September term, to-wit, on September 12, 1899, and before the sheriff's sale had been approved by the court, or a deed made by the sheriff to said Taylor, the defendants, after proper notice, filed a motion to set aside the judgment, and also to set aside the sheriff's sale, on the ground that the judgment was void because it attempted to enforce the State's lien, when in fact the State had no lien for the taxes, but the taxes were city taxes, and therefore the lien was in favor of the city; and to set aside the sheriff's sale for the same reason, and also because the price at which the land was sold by the sheriff was grossly inadequate, and that, under the circumstances, it was the duty of the sheriff to return the execution unsatisfied, and declare "no sale for want of bidders." The trial court overruled the motion, and the defendants

appealed to the Kansas City Court of Appeals. That court transferred the case to this court upon the ground that "the case is 'one involving title to real estate' within the meaning of the Constitution, sec. 12, art. 6," basing its ruling upon the case of McAnaw v. Matthis, 129 Mo. 142.

The primary question in this case is whether this court has jurisdiction thereof.

The action of the Kansas City Court of Appeals was justified by the decision of this court in McAnaw v. Matthis, 129 Mo. 142, but the question presents itself whether that case properly declared the law.

McAnaw v. Matthis, supra, was an appeal from an order sustaining a motion to set aside a sale of real estate by a sheriff under an execution upon a judgment, rendered in a personal action, begun before a justice of the peace, and appealed to the circuit court, where the appeal was dismissed for failure to give a new appeal bond. The Kansas City Court of Appeals transferred that case to this court on the ground that title to real estate was involved. This court so stated, and disposed of the question by simply saying, "In which opinion we coincide."

Now it is clear that title to real estate cannot be involved in a personal action begun before a justice of the peace, to recover $217 from the defendant. A justice of the peace has no jurisdiction of an action which involves title to real estate. In certain cases a justice of the peace has jurisdiction in cases which seek to fasten a lien on real estate, but such cases necessarily presuppose that the title is in the defendant, and the object and purpose of the suit is to fasten a lien on it as the property of the defendant. McAnaw v. Matthis, was not even a suit to fasten a lien on real estate. It was a plain action, *in personam,* to recover a debt, and did not involve title to real estate in any sense whatever.

The question of when title to real estate is involved

has been often before this court since the decision in McAnaw v. Matthis, and that case is out of line with the rules laid down in the subsequent cases.

In Balz v. Nelson, 171 Mo. l. c. 687, the question of when title to real estate is involved was considered, and it was there said:

"The primary question in this case is whether this court has jurisdiction. It is a bill in equity to declare fraudulent and void the deeds of Nels and Sophie Nelson to Emma Decker, and from Emma Decker to Sophie Nelson, and for an order of sale of the real estate to satisfy the plaintiff's judgment. Those deeds are muniments of title. They constitute the public record which declares to the world that the title is in Sophie Nelson. Without them, the title would in fact and according to the record be in Nels Nelson. The judgment to be rendered, if the plaintiffs succeed, will therefore strike down and cut out, root and branch, these muniments of title, and the effect of a judgment in plaintiff's favor will be to divest the title out of Sophie Nelson and revest it in Nels Nelson. The fact that after this is done the land can be sold as the land of Nels Nelson to satisfy the plaintiffs' judgment, does not change the character of the action, nor take out of the case the main issue in controversy, to-wit, the question whether the land belongs of right, as to these creditors, to the wife or the husband, nor does the fact that if the husband should pay the plaintiff's judgment and thereby take away the plaintiff's right to question or controvert the title that is now in Mrs. Nelson, affect the matter. No such issue is raised, and no such condition presented in this case. The only controverted issue is over the title. The subsequent sale of the land will follow of course if the deeds that vested the title in Mrs. Nelson are set aside and the title is thereby revested in Nels Nelson. The title to real estate is thereby directly and necessarily involved in this case, and therefore the appellate jurisdiction is in this court,

and not in the Court of Appeals. [Price v. Blanken-ship, 144 Mo. l. c. 209; May v. Trust Co., 138 Mo. 275; Hanna v. Land Co., 126 Mo. 9; Bank v. Ins. Co., 145 Mo. 127; Edwards v. Railroad, 148 Mo. l. c. 516.] See, also, Beland v. Brewing Assn., 157 Mo. 593, where the suit was to cancel a deed of trust after the debt was alleged to be paid; Crothers v. Busch, 153 Mo. 606, where the suit was to set aside a deed of trust on the ground of fraud; Truesdale v. Brennan, 153 Mo. 600, where the suit was to have a deed of trust declared to be entitled to priority over a deed of trust that was recorded before the former; State ex rel. v. Rombauer, 124 Mo. 598, where the suit was to set aside a judgment of condemnation of the land.

"If the suit was simply to establish or enforce a special taxbill, or a mechanics' or vendor's lien or any other kind of a lien, the title to real estate would not be involved. [State ex rel. v. Court of Appeals, 67 Mo. 199; Corrigan v. Morris, 97 Mo. 174; Bobb v. Wolff, 105 Mo. 52; Syenite Granite Co. v. Bobb, 97 Mo. 46; Baier v. Berberich, 77 Mo. 413; Bailey v. Winn, 101 Mo. 649.] And the reason is that in all such cases the title is necessarily conceded to be in the defendant, for otherwise the plaintiff would not be entitled to a lien against the land in that suit, and therefore no judgment that could be rendered in the case could divest the title out of the defendant. The result of the establishment of the lien on the land and the sale of the land to satisfy the judgment might be that the defendant would lose the land, but the same is true in every case of a judgment against one who owns land. In such case the title to the land passes as the legal result of a sale on execution to satisfy the judgment, but the judgment itself rendered in the case does not strike down a muniment of title, or *ipso facto* and without any execution, divest title from the defendant."

The question of when title to real estate is involved was again considered and the former adjudications col-

lated in the case of State ex rel. South Missouri Pine
Lumber Co. v. Dearing, 180 Mo. 53. That was a case
in prohibition to prevent the defendant, as judge of the
Wayne circuit court, from exercising jurisdiction and
appointing a receiver for the lumber company. The
lumber company owned certain land in Wayne county,
and had given certain notes secured by a deed of trust
on the land. The company brought a suit in equity in
the circuit court of the city of St. Louis, asking a can-
cellation of the notes and that the holders be enjoined
from enforcing them. A temporary injunction was
granted by the St. Louis Circuit Court, which upon a
hearing was dissolved by that court. The plaintiffs
therein appealed, and the court reinstated the injunc-
tion pending the appeal. Thereafter the holders of
the notes applied to the Wayne Circuit Court for the
appointment of a receiver for the lumber company.
That court held that as the land which secured the
notes was in Wayne county, that court had jurisdiction,
and the St. Louis Circuit Court did not have jurisdic-
tion. The lumber company obtained from this court a
preliminary rule in prohibition against the judge of the
Wayne Circuit Court. Upon a hearing, the preliminary
rule was made absolute. In disposing of respondent's
contention that title to real estate was involved or af-
fected, this court, speaking through Brace, J., said:

"As to respondent's first contention it is only nec-
essary to say that while the subject-matter of the con-
troversy in that suit grew out of the alleged transac-
tions between the parties in the sale and transfer of the
lands in Carter, Wayne and Butler counties, the title
to those lands was not involved in the controversy. It
was purely and simply a suit in equity operating *in
personam* upon the defendants. That the court had
jurisdiction of the persons of the defendants and of the
subject-matter of the controversy between them is man-
ifest upon the face of the statement. The only thing
that is urged, giving any countenance to the contention

that title to real estate is involved in that controversy, is the prayer for relief; in which the cancellation of the notes given for part of the purchase money for those lands, and an injunction restraining the foreclosure of the deed of trust given to secure them, is asked. But such prayer could not have the effect of converting plaintiff's equitable action *in personam* into an action 'affecting title to real estate' within the meaning of the section relied upon. 'In granting injunctions the court operates *in personam* and may exercise its jurisdiction quite independently of the locality of the act to be done; being an order directed to a person, it does not run with the land.' [Kerr on Injunctions (3 Ed.), pp. 6 and 7.] This section of the statute, like the constitutional provision vesting appellate jurisdiction in this court in cases involving title to real estate, applies only to cases in which title to land is the subject of the controversy, and in which the judgment will operate directly upon the title, and not to those cases where the title to land may be merely a subject of collateral inquiry or in which the judgment will only affect the title incidentally or collaterally. [Ulrici v. Papin, 11 Mo. 43; Railroad v. Mahoney, 42 Mo. 467; State ex rel. v. Court of Appeals, 67 Mo. 199; Bailey v. Winn, 101 Mo. 649; McGregor v. Pollard, 130 Mo. 332; May v. Trust Co., 138 Mo. 447; Heman v. Wade, 141 Mo. 598; Price v. Blankenship, 144 Mo. 203; Gay v. Sav. & Bldg. Assn., 149 Mo. 606; Bonner v. Lisenby, 157 Mo. 165; Ozark Land Co. v. Robertson, 158 Mo. 322; Vandergrif v. Brock, 158 Mo. 681; Davis v. Watson, 158 Mo. 192; Bruner Granitoid Co. v. Klein, 170 Mo. 225; Klingelhoefer v. Smith, 171 Mo. 455; Balz v. Nelson, 171 Mo. 682; Porter v. Railroad, 175 Mo. 96.] Moreover, the jurisdiction of the court is not determined by the prayer for relief; but by the facts stated, which constitute the cause of action, and should those facts not warrant the relief asked and it should nevertheless be granted, this would be error, which could

be corrected on appeal, but the jurisdiction of the court would not be affected thereby. The subject of respondent's first contention has been so thoroughly considered and thrashed over in the cases cited and in others therein referred to, that further comment thereon is unnecessary.''

In view of the rules so laid down in the later cases, it follows that McAnaw v. Matthis, 129 Mo. 142, was improperly decided, and, therefore, it is hereby overruled in so far as it touches upon the question of the jurisdiction of this court and upon the question of when title to real estate is involved.

It also follows from the premises that title to real estate is not involved in this case and therefore this court has no jurisdiction.

The reason whereof is plain. This is an action to collect back taxes. The suit necessarily assumes that the title to the land is in the defendants. The purpose of the suit is not to divest title out of the defendants, but to enforce the lien of the taxes on the land, and to sell the land to satisfy the judgment. The plaintiff does not claim any title to the land. He seeks only to charge it with a lien. The enforcement of the judgment by a sale under the execution, may have effect to pass the title to some one other than the defendants, but that does not make the case one which involves title to real estate, any more than any judgment *in personam*, enforced by execution, would involve title.

This court has no jurisdiction of the cause, and it is therefore remanded to the Kansas City Court of Appeals.

All concur.