# L. D. H. RUSSELL et al., Appellants, v. EUGENE WOERNER et al.

### Division Two, December 10, 1907.

**APPELLATE JURISDICTION: Recovery of Taxes Paid.** A suit, brought against the private owners of real estate, under the provisions of a city charter, to recover taxes, interest and penalties paid out under a void city tax deed, does not involve title to real estate, and does not involve a construction of the revenue laws of this State, so as to give the Supreme Court jurisdiction over the appeal.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*L. A. Laughlin* for appellants.

Has this court jurisdiction of this case? The question of jurisdiction naturally arises at the outset. It is clear that the title to real estate is not involved, as this court has so decided in a suit to enforce a lien for taxes. State ex rel. v. Elliott, 180 Mo. 658. The only other ground of jurisdiction would be that the case involves "the construction of the revenue laws of this State." Const. of Mo., art. 6, sec. 12. The question whether the construction of the revenue article of the Kansas City charter falls within the purview of the words above quoted is one not free from doubt. In the first place, if the words "the State" had been used instead of "this State" it might be argued with more force that the words applied only to laws passed by the State Legislature. But the words "this State" are more inclusive and might be held to apply also to those passed by a constitutional grant of power like the Kansas City charter. Kansas City Exposition Driving Park v. Kansas City, 174 Mo. 425; Hannibal ex rel. v. Bowman, 167 Mo. 535; Phelps v. Brumback, 107 Mo. App. 16.

*Gage, Ladd & Small* for respondents.

This court evidently has no jurisdiction. The amount involved is insufficient and the revenue laws of the State are not involved. (See cases cited by appellant.) In the Driving Park case, 174 Mo. 427, relied on by appellants, the court took jurisdiction only because the "exemption claimed applies as to all state and county taxes as well as to the municipal taxes." The revenue laws of the State are not involved, directly or indirectly, in this case. There is no pretense that this case belongs here for any other reason.

GANTT, J.—This is an appeal from the circuit court of Jackson county. The action was brought January 11, 1901, under section 59 of article 5 of the Kansas City charter, to recover taxes, interest and penalties paid out under a void city-tax deed recorded November 13, 1897.

There is no controversy about the facts. The petition alleges that at a public sale of land for delinquent taxes held by the treasurer of Kansas City, beginning on the first Monday of November, 1895, the following described real estate in said city was duly sold to C. A. Wills for $5.76, being the amount of taxes, with legal penalties, duly levied and assessed by said city for the year 1895, against said real estate, to-wit: the west thirty-two and three-quarters feet of north forty feet of lot twenty-three, and west thirty-two and three-quarters feet of lot twenty-four in Woodcock Park, an addition to the City of Kansas, in Jackson county, Missouri. That the certificate of purchase to said Wills was duly issued and recorded, and afterwards, on the first day of November, 1897, was assigned to plaintiffs; that on the 13th of November, 1897, the city treasurer executed the tax deed conveying said real estate to the plaintiffs, and afterwards on the 18th day of September, 1900, plaintiffs brought suit against the defend-

ants, Eugene and Louise Woerner, William W. Johnson and J. D. S. Cook, trustee, to recover possession of said real estate under said tax deed, in which said action plaintiffs were defeated. The petition then proceeds to aver that in addition to the $5.76 paid by Wills at the delinquent tax sale for the land, other moneys, to the amount of about $80, had been paid out by the plaintiffs and their assignor for their State, county and municipal taxes on said real estate since the date of the said purchase. It is then alleged that the defendants Woerner are in possession of said real estate and the defendants, Johnson, John D. S. Cook, trustee for Mary D. Gossett, herself and the Knickerbocker Trust Company, have or claim to have some interest in said real estate as owners, incumbrancers or otherwise. The prayer of the petition was that the defendants be adjudged to pay the plaintiffs the amount paid by said Wills at said tax sale, together with ten per cent of such amounts immediately added as a penalty, with twenty-four per cent per annum on the whole of such amount so paid, from the date of its payment, together with the costs of the tax deed and fees for recording the same, and all costs in the case brought to recover the possession of said real estate, and all the costs of the present action, and that the sum so adjudged be declared a lien on said real estate. The answer of the defendants Woerner was a general denial, and plea of the Statute of Limitation that the suit was not commenced within three years from the time of recording the tax deed, and a special plea that the deed was not recorded within twenty days after the delivery of the deed, and a further answer that these defendants, Woerner, were simply tenants from month to month of the said premises.

The Knickerbocker Trust Company in its answer pleaded a general denial, and then set up in full the proceedings in the ejectment case and the final deter-

mination thereof in favor of the defendants therein, and then pleaded, especially, that prior to December 11, 1900, the said company, though not a defendant in said suit, offered to pay plaintiffs the full amount of insurance with penalties and interest and the amount of taxes paid by the plaintiffs, with penalties, interest and costs, as provided by section 59 of article 5 of the charter, which offer the plaintiffs declined, for the reason that it was said real estate they were after and not said money. Said Knickerbocker Trust Company then pleaded the Statute of Limitation of three years against said tax deed, and that the defendants Woerner were mere tenants, who had no interest in the real estate, and that the other defendants had no interest therein, and that plaintiffs had never been in possession of said real estate. In the third paragraph of the answer, the said trust company alleges that the said real estate was sold for the taxes of 1895, but the deed described said taxes as for the year 1894; that the tax deed was void on its face and the real estate was not correctly described in the advertisement, or in said tax deed; that the plaintiffs paid the other taxes set forth in the petition long before they were delinquent and before the said trust company could get an opportunity to pay them, as appear by the dates on which the said several amounts were paid; that said payments were voluntary and cannot be recovered. The answer further pleads that this action was not commenced within three years from the time of recording the tax deed as required by section 60, article 5, of the city charter.

The plaintiffs filed a reply to the answer of the Knickerbocker Trust Company admitting all the facts alleged in the second, third and fourth paragraphs of the answer.

The cause was tried in the circuit court on the 8th of August, 1904, and judgment rendered for the defendants. Motion for new trial was duly filed, heard

and overruled and exceptions saved and an appeal allowed to this court.

I.  It is clear that the title to real estate is not involved in this action.  [State ex rel. v. Elliott, 180 Mo. 658.]  The only ground upon which this court could possibly have jurisdiction would be under that section of the Constitution of this State which confers jurisdiction upon this court in appeals involving "the construction of the revenue laws of this State."  [Constitution of Missouri, art. 6, sec. 12.]  We are referred to the case of Kansas City Exposition Driving Park v. Kansas City, 174 Mo. 425, in which this court took jurisdiction of the appeal, but an examination of the record in that cause and the decision of this court, will show that this court maintained its jurisdiction of the appeal because "the exemption claimed applied to all State and county taxes as well as to the municipal taxes."  It is clear to us that upon the face of the pleadings and the record the revenue laws of this State are in no manner involved, either directly or indirectly.  There is no pretense that this case belongs here for any other reason.  The Kansas City Court of Appeals has jurisdiction of this appeal and accordingly it is ordered that the appeal be transferred to that court for its consideration.

*Fox, P. J.,* and *Burgess, J.,* concur.