ROSIE DUBOWSKY v. HANNAH BINGGELI et al., Appellants.

Division Two, May 26, 1914.

1. **APPELLATE JURISDICTION: Raised by Court Sua Sponte.** The appellate court, when a case is appealed to it, will of its own motion ascertain whether or not it has jurisdiction, since the jurisdiction of the Supreme Court and that of the courts of appeals are defined by the Constitution.

2. ———: ———: **Conferred by Stipulation.** Jurisdiction of the subject-matter cannot be conferred upon a court either by stipulation or by acquiescence of parties.

3. ———: **Action to Foreclose Deed of Trust.** An action to foreclose a deed of trust in the nature of a mortgage, and to establish a lien in favor of plaintiff upon defendant's land,

defendant's title therein or the validity of the deed of trust being in no wise disputed, does not involve title to real estate.

4. ————: ————: **To Reestablish Mortgage.** Plaintiff and her brother-in-law each loaned $500 to defendant, upon an alleged agreement that he would execute to each of them his separate promissory note for the amount, and secure the same by a deed of trust in the nature of a mortgage upon his land. No note was executed to plaintiff for the $500 loaned by her, but in lieu thereof defendant executed to her brother-in-law a single note for $1000, and secured the same by a deed of trust, and thereafter defendant paid $620 to the brother-in-law, and he entered a release upon the land records, purporting to fully release and discharge the land from the lien of the deed of trust, and this suit is to reestablish that deed of trust and foreclose the same, because the defendant had not paid to plaintiff nor to her said brother-in-law the balance due her on said loan. The defenses pleaded are the Statute of Limitations, the Statute of Frauds and laches. *Held*, that the action does not involve title to real estate, and the Supreme Court does not have jurisdiction over an appeal from a judgment in favor of plaintiff.

5. ————: **Constitutional Question: Not Timely Raised: By Motion in Arrest.** If to permit the plaintiff to sue and recover judgment upon a note and deed of trust in which she was not specifically named as the payee or beneficiary deprives defendants of their property without due process of law, in violation of the Constitution, then that defense could have been raised by demurrer or answer, and not having been so raised, but raised for the first time in the motion in arrest, it was raised out of time, and must be disregarded, and hence jurisdiction was not thereby conferred upon the Supreme Court.

Appeal from DeKalb Circuit Court.—*Hon. A. D. Burnes,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Wm. M. Fitch* for appellants.

*Peter J. Carolus* and *John E. Dolman* for respondent.

BROWN, J.—This is an action to set aside the release of a deed of trust and to foreclose the same.

The plaintiff had judgment below for $602.33, and defendants appeal.

It is alleged in plaintiff's petition that she loaned $500 to one Christian Binggeli in the year 1897, and that her brother-in-law, Stephen Ushler, at the same time, loaned to said Binggeli $500. That it was agreed between plaintiff, said Binggeli and Stephen Ushler that said Binggeli would execute to. plaintiff and said Ushler his separate promissory notes for said loans, and secure the same by a deed of trust (in the nature of a mortgage) upon forty acres of land owned by said Binggeli in DeKalb county, Missouri. That no note was executed to plaintiff for said $500 so borrowed of her, but in lieu thereof the said Binggeli and his wife executed to Stephen Ushler a single note for $1,000, and secured the same by a deed of trust, which note and deed of trust were intended by said Binggeli and said Stephen Ushler to cover the aforesaid loan of $500 made by plaintiff, as well as the $500 which said Ushler had loaned to said Binggeli, as hereinbefore recited.

Plaintiff further alleges that Christian Binggeli paid to said Stephen Ushler $620 on the aforesaid note, and that $110 of said payments on said note were for the use and benefit of plaintiff, which $110 she received. That said Stephen Ushler, on March 12, 1903, entered a release upon the land records of DeKalb county, purporting to fully release and discharge the land of said Binggeli from the lien of the aforesaid deed of trust, which said release was wrongful and illegal, because said Binggeli had not paid to plaintiff, nor to said Ushler for her, the balance due her on the aforesaid loan, which indebtedness said deed of trust was given to secure.

Wherefore, plaintiff prayed that the release of the deed of trust so entered by said Ushler be set aside, and that plaintiff have judgment for the balance due her on her aforesaid loan to Christian Binggeli; and

that said judgment be made a special lien against the interests of defendants in the land conveyed by the aforesaid deed of trust. Plaintiff did not pray for the reformation of the deed of trust.

Chistian Binggeli died intestate before the institution of this suit, and the defendants (except Ushler) are his widow and children.

The answer of defendants is (1) a plea of the Statute of Limitations; (2) the Statute of Frauds; and, (3) laches.

I.   No motion has been filed to transfer this cause to the Kansas City Court of Appeals, but the Constitution having defined our jurisdiction, as well as the jurisdiction of the courts of appeals, it **Appellate Jurisdiction.** is our duty to ascertain whether we have jurisdiction before considering the case upon its merits.   [May v. Mortgage Trust Co., 138 Mo. 447, l. c. 449; Cable v. Duke, 208 Mo. 557; Ferguson v. Comfort, 159 Mo. App. 30.]   This court will not permit parties to confer jurisdiction upon it by stipulation or acquiescence.   [Vandeventer v. Bank, 232 Mo. 618.]

This is an action to foreclose a deed of trust (in the nature of a mortgage) upon real estate.   The title of defendants to said real estate is not disputed in any manner.   Plaintiff merely sued to establish a lien against the real estate of defendants.   As early as the case of State ex rel. Haeussler v. Court of Appeals, 67 Mo. 199, it is ruled by this court that actions to foreclose mortgages do not involve the title to real estate.   In that case HOUGH, J., speaking for the court, said: "At the January term, 1876, . . . we decided that suits on special taxbills, and to foreclose mortgages, and to enforce mechanic's liens, were not suits involving title to real estate, and all such cases involving sums within the final jurisdiction of the Court of Appeals which were docketed in this court

after the establishment of that court, were transferred to it.''

The same rule prevails as to suits having for their purpose the establishment of other liens upon real estate. [Barber Asphalt Paving Co. v. Hezel, 138 Mo. 228; State ex rel. Reed v. Elliott, 180 Mo. 658; Stark v. Martin, 204 Mo. 433.]

When the suit is to cancel a deed of trust, and it is admitted that such deed of trust was given to secure a valid indebtedness, and the only issue is whether or not such indebtedness has been paid, this court has no jurisdiction of the appeal. [Vandeventer v. Bank, 232 Mo. 618.] The case of Lemmon v. Lincoln, 130 Mo. 335, is more nearly like the one at bar than any we have been able to find. In that case the plaintiff Lemmon loaned money to an owner of real estate with which to pay off and release two outstanding mortgages upon such real estate. With the money so loaned by plaintiff the mortgages were paid off and released of record. The borrower failed to repay the loan to plaintiff, whereupon he sued to set aside the releases of the mortgages and to be subrogated to the rights of the mortgagees whose notes had been paid with the money he had loaned. Upon appeal it was held that this court had no jurisdiction, because the title to real estate was not involved.

The fact that in the suit at bar the plaintiff seeks to set aside the alleged improper release of the deed of trust and to foreclose the same, the original validity of which deed is not disputed, does not make the case so different from an ordinary action to foreclose a mortgage as to give this court jurisdiction.

We have not overlooked the fact that defendants' learned counsel, in his motion in arrest, asserts that by the judgment in this cause the defendants are deprived of their property without due process of law, as prohibited by article 2, section 30, Constitution of Missouri. On this point it is only necessary to say

that if to permit the plaintiff to sue and recover judgment upon a note and deed of trust in which she was not specifically named as the payee or beneficiary deprives defendants of their property without due process of law, that defense could have been raised by demurrer or answer, and as it was not raised until the motion in arrest was filed, such issue was presented out of time and must be disregarded. [Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685; State v. Gamma, 215 Mo. 100; Hartzler v. Met. Street Ry. Co., 218 Mo. 562; Howell v. Sherwood, 242 Mo. 513.]

For the reasons hereinbefore stated the cause will be transferred to the Kansas City Court of Appeals.

*Walker, P. J.,* and *Faris, J.,* concur.