S. L. CANTLEY, Commissioner of Finance, in charge of the Liquidation of the FEDERAL TRUST COMPANY of Kansas City, v. DERWOOD L. PIGGOTT and ELLEN PIGGOTT, Appellants, H. C. WALTNER, Trustee.—52 S. W. (2d) 846.

Division One, September 3, 1932.

*James Davidson, James A. Lay* and *Henry P. Lay* for appellants.

*F. M. Brady, R. R. Brewster* and *William B. Bostian* for respondent.

FERGUSON, C.—In 1926 the "affairs and assets" of the Federal Trust Company of Kansas City, Missouri, a banking corporation organized under the laws of this State and doing a banking business in Kansas City, Missouri, were placed "under the control" of the Commissioner of Finance for liquidation. [Sec. 5316 (3), R. S. 1929.] Listed among the assets of the trust company was a promissory note for $3,000, and a deed of trust on 560 acres of land in Benton County, Missouri, securing the same, executed by defendants

Derwood L. Piggott and Ellen Piggott, husband and wife. Defendant H. C. Waltner was named as trustee in the deed of trust. The note being due and unpaid the commissioner instituted this suit thereon in the Circuit Court of Benton County seeking judgment for the principal sum of the note with interest and the foreclosure of the deed of trust. Defendants Derwood L. Piggott and Ellen Piggott answered admitting the execution of the note sued upon, payable to the order of W. F. Shearer, and the deed of trust to H. C. Waltner as trustee to secure the payment of said note but denying "that said note and deed of trust was sold, assigned, transferred or delivered to the said Federal Trust Company prior to maturity for a valuable consideration" as alleged in the petition. Further answering the defendants, Derwood L. Piggott and Ellen Piggott state:

"That the deed of trust and note sued upon was executed by them and deposited with the defendant, H. C. Waltner, Attorney, in his safe for safe keeping with the intention of these defendants to later hypothecate, negotiate or otherwise use the same with which to obtain a loan, if it should become necessary, and that while said collateral was so deposited, the said H. C. Waltner delivered the said note to the plaintiff, the Federal Trust Company of Kansas City, Missouri, as a pretended security for a note or notes of the said H. C. Waltner that were or had been given the said bank as a substitute for a note or obligation of W. R. Waltner then being carried by the said bank as unpaid and which its officers were forced to remove from the list of unpaid notes at the insistent demands of the State Bank Examiner.

"That prior to and at the time of the delivery of said note to the Federal Trust Company it was informed and well knew that the said note was originally made to W. F. Shearer without consideration to these defendants and that the said H. C. Waltner was not the owner thereof and said defendants further state that no consideration was given or paid to the said W. F. Shearer or H. C. Waltner to secure the delivery of the said note to the said Federal Trust Company.

"That at the time of the delivery of defendants' note to the said Federal Trust Company it was understood and agreed between said bank and M. C. Waltner that the same was being put up as a pretended collateral security for the obligation of W. R. Waltner to the bank as aforesaid which was being withdrawn from the bank's files but still retained and considered as its assets and that payment ^' the amount for which said note was hypothecated or pledged would not be demanded of these defendants or their security subjected to foreclosure to satisfy the same.

"That the deposit of the W. R. Waltner note and the delivery of the defendants' note to the said Federal Trust Company was done solely to enable the bank to take the W. R. Waltner note out of the list of unpaid notes and thereby eliminate the criticism of the State Bank Examiner; that the delivery of said note to the said bank was wholly without consideration and made for its accommodation and that the said Federal Trust Company and all subsequent holders and claimants thereof took the same with full notice of the rights of defendants and subject thereto."

The answer concludes with a prayer that "plaintiff take nothing by reason of its complaint herein" and that defendants may "go hence without day and with judgment for all costs in this behalf expended."

Upon a trial by a jury a verdict was returned against defendants Derwood L. Piggott and Ellen Piggott for the sum of $4,183.92, being the principal and interest due under the terms of the note. Whereupon the court entered a judgment for that amount with attorneys' fees in the sum of $300, as provided for in the deed of trust, to be taxed as costs and ordered and decreed that, "said judgment and costs be declared a lien and charge upon the real estate" described in the deed of trust "and that said deed of trust be foreclosed and that execution issue hereunder and be levied upon all the real estate hereinabove and in said deed of trust described and that all, or a sufficient amount thereof, be sold to satisfy said debt and costs, and if the mortgaged property be not sufficient to satisfy said debt and costs, then the residue be levied of any other" property of said Derwood L. Piggott and Ellen Piggott. From this judgment against them the defendants Derwood L. Piggott and Ellen Piggott appealed and the appeal was granted to the Kansas City Court of Appeals. That court transferred the cause here upon the ground that a "State officer is a party." [Sec. 12, Art. 6, Constitution of Missouri.]

The suit is brought by S. L. Cantley as Commissioner of Finance in charge of the liquidation of the Federal Trust Company, Kansas City, Missouri, as plaintiff. It is alleged in the petition and clearly appears from the record that the "affairs and assets" of the trust company had been placed "under the control" of the Commissioner of Finance for liquidation and that in the prosecution of this suit he was acting in "a representative capacity merely." The trust company is the real party in interest as plaintiff and the suit should have been brought in the name of the trust company by the Commissioner of Finance. [Sec. 5332, R. S. 1929; Bank of Oak Ridge v. Duncan, 328 Mo. 182, 40 S. W. (2d) 656.] "While the custody, possession and control of the assets and property of the closed bank passed to the Commissioner, the title thereto did not vest

**34**

in the Commissioner." [Bank of Oak Ridge v. Duncan, supra.] It was held in Bank of Darlington v. Atwood, 325 Mo. 123, 27 S. W. (2d) 1029, that: ■ "The duties of the Finance Commissioner in liquidating a delinquent banking corporation are in a representative capacity merely, and, in that capacity, such duties are not co-extensive with the boundaries of the State. In such representative capacity he does not exercise statewide functions and hence is not a State officer within the meaning of" that provision of our State Constitution which gives this court exclusive jurisdiction of appeals "in cases . . . where any State officer is a party." [Sec. 12, Art. 6, Consistution of Missouri.] ■ The amount in dispute does not give this court jurisdiction nor does the relief sought, the judgment rendered or the issues made by the pleadings involve title to real estate in a jurisdictional sense. [Farrell v. Seelig (Mo.), 19 S. W. (2d) 648; Stock v. Scholman (Mo.), 322 Mo. 1209, 18 S. W. (2d) 428; Weil v. Richardson, 224 Mo. App. 990, 7 S. W. (2d) 348; Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. (2d) 771; King v. Hayes, 319 Mo. 569, 4 S. W. (2d) 1062; Jones v. Hogan, 211 Mo. 45, 109 S. W. 641.] No constitutional question is presented.

None of the prerequisites of our appellate jurisdiction appearing the cause is remanded to the Kansas City Court of Appeals. *Sturgis* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.