LOUISE WILLIAMS, Appellant, v. L. E. MACKEY, THE PEERLESS INVESTMENT COMPANY, a Corporation, QUEEN CITY BANK OF SPRINGFIELD, MISSOURI, a Corporation, and S. L. CANTLEY, as Commissioner of Finance for the State of Missouri, in Charge of the STATE SAVINGS TRUST COMPANY, a Corporation, and WM. J. MCCAULY.—52 S. W. (2d) 831.

Division One, September 3, 1932.

*G. W. Goad* and *V. O. Coltrane* for appellant.

*Dan M. Nee* and *Barbour, McDavid & Barbour* for respondent.

FRANK, J.—It appears from plaintiff's petition that on July 20, 1925, appellant, plaintiff below, purchased from defendant State Savings Trust Company five promissory notes of $500 each, executed by Jerry C. Beck and wife on July 13, 1925, all due three years after date and secured by a deed of trust on the lands described in plaintiff's petition; that on February 15, 1926, said J. C. Beck and wife executed a second deed of trust on said land in favor of one T. H. Beck; that this second deed of trust was foreclosed on November 19, 1927, and the property was purchased by the New First National Bank; that said bank conveyed the land to defendant, Peerless Investment Company; that said company conveyed same to one Harry Palmer who executed a second deed of trust thereon for $1,000 in favor of defendant Wm. J. McCauly and then reconveyed the land to defendant Peerless Investment Company subject to plaintiff's $2,500 first deed of trust and McCauly's second for $1,000; that plaintiff's notes with interest thereon from July 13, 1929, were due and unpaid; and that on the —— day of November, 1929, the State Savings Trust Company by order of its board of directors was placed in the hands of defendant S. L. Cantley, as Commissioner of Finance of the State of Missouri, for the purpose of liquidation; that defendants L. E. Mackey, S. L. Cantley, as Commissioner of Finance in charge of the State Savings Trust Company, and the Queen City Bank claim to have some lien upon or interest in said real estate, but whatever lien or interest said defendants, or any of them have, is subject to the lien of plaintiff's deed of trust.

The prayer of the petition is that the claims of defendants and

all persons claiming under them be foreclosed of all interest, lien and equity of redemption in said land, and that same be sold and the proceeds thereof applied to the payment of plaintiff's notes and costs of suit.

All defendants were duly served with process. Defendants L. E. Mackey, The Peerless Investment Company and Wm. J. McCauly defaulted. Defendants S. L. Cantley, Commissioner of Finance, and The State Savings Trust Company answered disclaiming any interest in the land or in the notes secured by deed of trust thereon.

Defendant Queen City Bank answered admitting that it claimed an interest in the land. It further alleged that plaintiff's deed of trust was foreclosed by the trustee and one L. E. Mackey purchased the land; that thereafter on December 8, 1928, said L. E. Mackey executed a deed of trust on said land in favor of the State Savings Trust Company securing five promissory notes, each for the sum of $500; that defendant Queen City Bank purchased said five notes from said Trust Company before maturity and for a valuable consideration, and that said notes with interest thereon from date remain due and unpaid. The answer further alleges, in substance, that the State Savings Trust Company acted as the general agent of plaintiff respecting all her loans and notes, and as to the collection of principal and interest thereon, with authority, right and power to direct foreclosure upon a default being made in the payment of any of said notes, or interest thereon, and by reason of such facts plaintiff is estopped from claiming that the foreclosure of her deed of trust through which this defendant claims an interest in the land was void. The answer further alleges that plaintiff knew that her note was past due and she likewise knew that the deed of trust securing said note did not require, as a condition precedent to foreclosure by the trustee, that a request for such foreclosure should be made by her. The answer does not ask any affirmative relief. The prayer is that defendant be discharged with its costs.

Plaintiff replied denying all new matter in defendant's answer and alleging that the deed of trust which defendant Queen City Bank claims to have acquired from the State Savings Trust Company was and is void for the reason that L. E. Mackey who executed same had no title to the land; that said L. E. Mackey's claim to said land was acquired under a pretended foreclosure of plaintiff's deed of trust; that said foreclosure was and is fraudulent and void in that the legal holder of said note did not request such foreclosure, but same was made without her knowledge or consent; that the recital in the trustee's deed that the sale was made at the request of the legal holder of the note is false and untrue; that no consideration was paid at said trustee's sale and no credit was made on plaintiff's note.

The trial below resulted in a finding and decree for defendants. Plaintiff appealed to the Springfield Court of Appeals and that court transferred the case here on the ground that title to real estate is involved.

██ Applying the principles determinative of our jurisdiction on the ground that title to real estate is involved, it is our judgment that we do not have jurisdiction in this case. In the recent case of Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. (2d) 771, this court en banc reviewed many former decisions of this court and again announced the principles which should govern in determining the question of our jurisdiction in a given case on the ground that title to real estate is involved. We quote from that case the following:

"This court has held in many cases that title, to be involved in an action, must be *in issue*. As said in a statement of the rule frequently quoted:

" 'It is not enough that the judgment, when carried into execution, will affect the title to the land. The title must be involved in the suit itself, and be a matter about which there is a contest.' [Bailey v. Winn, 101 Mo. 649, 658, 12 S. W. 1045, 1046; McGregor v. Pollard, 130 Mo. 332, 335, 32 S. W. 640; Vandergrif v. Brock, 158 Mo. 681, 687, 59 S. W. 979; Vandeventer v. Florida Savings Bank, 232 Mo. 618, 625, 135 S. W. 23.]

"Indeed, the rule goes further. Title must not only be in issue; it must be in issue directly, as distinguished from collaterally or incidentally. The law on this point has been many times declared, as, for example, that:

" 'The constitutional provision vesting appellate jurisdiction in this court in cases involving title to the real estate, applies only to cases in which title to land is the subject of the controversy, and in which the judgment will operate directly upon the title, and not to those cases where the title to land may be merely a subject of collateral inquiry, or in which the judgment will only affect the title incidentally or collaterally.' [State ex rel. v. Dearing, 180 Mo. 53, 63, 79 S. W. 454, 457; State ex rel. v. Elliott, 180 Mo. 658, 664, 79 S. W. 696; State ex rel. v. Muench, 225 Mo. 210, 225, 124 S. W. 1124; State ex rel. v. Huck, 240 S. W. 236, 241.] . . .

"It follows that to involve title within the meaning of the Constitution a judgment must adjudicate a *title controversy*. The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another. The rule is established by a great variety of cases." [Citing authorities.]

██ The judgment rendered in the case at bar reads as follows:

"Now on this day come the parties, plaintiff and defendants, by

their respective attorneys, and this cause now coming on to be heard, the said parties announce ready for trial, and this cause is submitted to the court for hearing, and the court proceeds to hear the evidence and being sufficiently advised in the premises, the court finds the issues in favor of the defendants.

"It is therefore considered, adjudged and ordered by the court that the plaintiff take nothing by this suit herein against the defendants but that the same be hereby dismissed and that the defendants go hence thereof without day and have and recover of and from the plaintiff all costs in this suit laid out and expended for which execution may issue."

The judgment merely dismisses plaintiff's suit and discharges defendants. It is obvious, without discussion, that it does not adjudicate a title controversy. It does not directly determine title, nor does it take title from one litigant and give it to another, as we said in the Nettleton Bank case, a judgment must do before it can be said that title to real estate is involved within the meaning of the Constitution. Although this judgment does not determine title, yet, if the judgment sought by the pleadings would *directly* affect title, title would be involved and jurisdiction would be in this court. The pleadings determine the question.

■ The petition does not state facts showing a title controversy, nor does it ask the court to adjudicate a question of title. While the petition alleges that defendants have or claim to have some lien or interest upon and in said real estate, it does not allege that defendants claim any lien or interest superior or antagonistic to plaintiff's lien. On the contrary, it is alleged that whatever lien or interest the said defendants, or any of them, have in said premises is subject and inferior to the lien of plaintiff's deed of trust. Such allegations do not present a case involving a title controversy. The petition, standing alone, states a case for the foreclosure of plaintiff's deed of trust. Under repeated decisions of this court, a suit to enforce or foreclose a deed of trust does not involve title to real estate.

■ The only defendant claiming any interest in this controversy is the Queen City Bank. It filed an answer alleging that plaintiff's deed of trust had been foreclosed by the trustee; that defendant L. E. Mackey purchased the land at the foreclosure sale, received a trustee's deed therefor, and thereafter placed a deed of trust on the land securing notes which she executed aggregating $2,500, and that defendant, Queen City Bank, acquired said notes before maturity and for value and is now the owner and holder thereof. Plaintiff filed a reply which put in issue the validity of the alleged foreclosure of plaintiff's deed of trust. It thus appears that the only contested issue in the case is whether or not the alleged foreclosure of plaintiff's deed of trust is valid or void.

At first blush it might appear that the determination of this question necessarily involves title to real estate because a holding that the foreclosure proceedings were valid would destroy plaintiff's deed of trust, while a holding that the foreclosure proceedings were void would destroy defendant's deed of trust. Be that as it may, no such issue is presented by the pleadings in this case for the reason that the defendant bank pleads the foreclosure of plaintiff's deed of trust merely as a defense to plaintiff's action to foreclose without asking any affirmative relief, and plaintiff pleads the invalidity of the alleged foreclosure proceedings only in aid of her action to foreclose. In this state of the pleadings title to real estate is not involved because the only judgment that could be rendered would be one for or against foreclosure. This exact question was decided in the Nettleton Bank case, supra. It is there said:

"As already twice observed, it is firmly established that a suit to enforce or foreclose a mortgage does not involve title to real estate; on the other hand, a suit to cancel a mortgage on the ground of fraud, does involve title. [Linneman v. Henry, 291 S. W. 109, 110; Conrey v. Pratt, 248 Mo. 576, 582, 154 S. W. 749.] Why the difference? Because, in the former instance, the relief sought is not inconsistent with the title's being in the mortgagor, while in the latter the judgment prayed will destroy the mortgagee's muniment of title. [Hanna v. So. St. J. Land Co., supra, 126 Mo. 1. c. 10, 28 S. W. 652.] And yet, if the answer in the foreclosure suit allege facts that might be relied on as a basis for cancellation, but plead them merely as a *defense* without asking affirmative relief, the action will still not involve title to real estate, because the only judgment that can be rendered remains one for or against foreclosure. The title issue is only collateral."

Title to real estate not being involved, we are without jurisdiction, and for that reason the cause is remanded to the Springfield Court of Appeals. All concur.