CLARENCE E. SIMMON, Appellant, v. FLORENCE MARION, GRACE MORAN, FRED KERNS and E. C. JAMES, Respondents.—No. 40416.—217 S. W. (2d) 537.

Court en Banc, February 14, 1949.

*R. H. Musser* and *Gerald Cross* for appellant.

*Robert H. Frost, Watkins & Watkins* and *O. W. Watkins, Jr.,* for respondents.

[537] BARRETT, C.—This is a suit in equity to set aside the release and satisfaction of a deed of trust. It is alleged that the defendants "in a fraudulent manner and unlawfully procured without conveyance or assignment to them" the notes secured by the deed of trust and requested and induced the recorder to cancel the notes and release the deed of trust. The prayer of the petition is to set

aside the release of the deed of trust, ascertain the amount due on the notes and foreclose the deed of trust. The original notes are alleged to total $2,000.00. The trial court found all the issues in favor of the defendants and the plaintiff appeals.

It is asserted in the appellant's brief that this court has jurisdiction of the appeal because the title to real estate is involved within the meaning of the Constitution. Const. Mo. 1945, Art. 5, Sec. 3. But jurisdiction cannot be conferred by the parties and the court must, of its own motion, determine the fact of its jurisdiction.

Unquestionably the fact that the plaintiff seeks to enforce the lien of the mortgage or to foreclose the deed of trust does not so involve the title to real estate as to give this court jurisdiction of the appeal. Harrell v. Surface, 349 Mo. 370, 160 S. W. (2) 756; Rust v. Geneva Inv. Co., (Mo.) 124 S. W. (2) 1135; Cantley v. Piggott, 331 Mo. 30, 52 S. W. (2) 846; Williams v. Mackey, 331 Mo. 68, 52 S. W. (2) 831.

The doubt arises upon the setting aside of the release and satisfaction of the deed of trust. Heretofore it has been held that an action to set aside the release of a deed of trust did not involve the title to real estate in the constitutional, jurisdictional sense. Dubowsky v. Binggeli, 258 Mo. 197, 167 S. W. 999; Hardwicke v. Barnes, 253 Mo. 6, 161 S. W. 744; Vandeventer v. Florida Savings Bank, 232 Mo. 618, 135 S. W. 23; Lemmon v. Lincoln, 130 Mo. 335, 32 S. W. 662. Three of these cases were decided by Division One and the fourth one was decided by Division Two. In the Lemmon case the court said: "It has been several times held that the mere assertion, or attempt to assert, a disputed demand as a lien against real property does not involve title to the latter, within the intent and meaning of the constitution defining the jurisdiction of this court." In the Dubowsky case the court applied [538] the analogy of the mortgage foreclosure suits: "The fact that in the suit at bar the plaintiff seeks to set aside the alleged improper release of the deed of trust and to foreclose the same, the original validity of which deed is not disputed, does not make the case so different from an ordinary action to foreclose a mortgage as to give this court jurisdiction." In the Vandeventer case the court said, 232 Mo., l. c. 622-623: "By reading the petition and answer in the light of those conceded facts, it will be clearly seen that there are but two issues tendered thereby; first, was the note mentioned therein legally sold and transferred by the administrators of the estate of J. H. Hobbs to the defendant? and, second, had the note been paid off and discharged prior to said sale and transfer?"

"Clearly, the determination of neither of those questions can or will affect the title to the real estate described. It was the execution of the deed of trust that created the lien upon the land; and if it should be held that the note which the deed of trust was given to secure had not been paid, still that fact would not create a lien on the land, for the reason that if the lien exists, it is because of the execution of the deed

890

of trust and the failure of the maker of the note which the deed was given to secure to pay it off.''

In spite of these cases but without citing them Division One said, in a suit involving the release of two deeds of trust, that ''This court's appellate jurisdiction obtains by reason of the fact that title to real estate is involved. (Nettleton Bank v. Estate of McGaughey, 318 Mo. 948, l. c. 953-954, 2 S. W. (2) 771.)'' Medich v. Stippec, 335 Mo. 796, 797, 73 S. W. (2) 998.

It would appear that the court's statement in the Medich case was an inadvertence and that the court did not intend to overrule the four previous cases. The reasoning of those cases appears to be sound and there is a very plain analogy in the mortgage foreclosure cases. In so far as the action seeks to set aside the release and satisfaction of the deed of trust it does not involve the title to real estate in the constitutional, jurisdictional sense. Accordingly the cause is transferred to the Kansas City Court of Appeals.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court en Banc. All concur.