**Nell LAUGHLIN, Plaintiff-Respondent,**

**v.**

**Glodeen COFFEY, Defendant-Appellant.**

**No. 9141.**

Springfield Court of Appeals, Missouri.

Dec. 31, 1971.

**128**

William C. Batson, Jr., Poplar Bluff, for defendant-appellant.

Terry C. Allen, Hyde, Purcell, Wilhoit & Edmundson, Poplar Bluff, for plaintiff-respondent.

HOGAN, Judge.

This is an action to rescind a contract to sell a restaurant and to cancel a note and deed of trust given in part payment and as security for part payment of the purchase price. The trial court has entered a decree rescinding the contract and cancelling the mortgage, and the defendant has appealed.

Briefly summarized, the case involves the sale of a business known as the Vine Street Cafe in Poplar Bluff, Missouri. Defendant, Mrs. Glodeen Turner Coffey, purchased the cafe in July 1969. She operated the cafe from that time until October 16, 1970, when she sold the business to the plaintiff, Nell Laughlin. According to Mrs. Laughlin, she purchased the cafe relying on defendant's representation that the cafe would earn $1,000 net per month after expenses, and relying on defendant's representation that "everything was paid for and there were no outstanding bills of the business," both of which proved to be untrue. After operating the restaurant for approximately three weeks and discovering, according to her testimony, that the cafe could not "clear that much money," and after discovering that the defendant had outstanding debts which had either been concealed or gone unmentioned, plaintiff closed the cafe, notified the defendant that she was rescinding the contract and commenced this action.

The sale itself involved no real estate, but when the parties went to the office of a local attorney to close their deal, the attorney drew up (apparently) three documents to consummate the sale. The first of these is an ordinary bill of sale, which recites the present sale of "[a]ll of the stock and fixtures, including the good will of the business known as The Vine Street Cafe . . . said stock and fixtures according to the inventory attached." The bill of sale recites further a total purchase price of $12,000, to be paid $600 on the 19th day of November, 1970, $4,000 on the 15th day of December, 1970, and $3,400 on the 24th day of December, 1970. By the terms of this instrument, the plaintiff assumed and agreed to pay a "note payable to one Paul Monroe . . . in the amount of Four Thousand Dollars ($4,000.00) payable at One hundred dollars ($100.00) per month plus 6% interest as set out in said note." The seller further warrants that she is the owner of the property being sold and that it is "now free and clear of all liens and encumbrances except the note to Paul Monroe . . . ."

Although it was plaintiff's testimony that payment for the cafe was to be made from the profits earned, she also executed a deed of trust at the time the sale was completed. This instrument conveys a tract of land described as "All of the West half of Lot 1 in Block 11 of Duncan Addition to the City of Poplar Bluff, as shown by the plat of said addition . . ." to the Sheriff of Butler County, upon trust to secure payment by the plaintiff to the defendant of a purchase money note (described but not attached nor introduced in evidence) in the sum of $8,000. The instrument is signed and acknowledged by the plaintiff as mortgagor, and defendant is named as beneficiary or mortgagee. The record recites that the deed of trust was filed for record in the recorder's of-

fice on the date of sale. It appears indirectly from the plaintiff's testimony that the mortgaged property was the plaintiff's home, and that the parties' understanding at the time the deed of trust was executed was that "she [defendant] was going to release [the deed of trust] so I could make [another] mortgage on it and pay her the other eight thousand dollars."[1]

This action, styled a "petition in equity to rescind contract of sale," was commenced on November 4, 1970. The petition recites the execution of the contract (bill) of sale and the deed of trust, both of which are attached and incorporated by reference, and specifically avers that execution of both instruments was induced and procured by false and fraudulent misrepresentations made to the plaintiff by the defendant. The other elements of actionable fraud are averred, and the petition recites plaintiff's timely attempt to rescind upon discovery of defendant's misrepresentation, her tender of the premises to the defendant, and finally prays rescission of the contract and cancellation of the note and deed of trust. In short, the manifest object of the petition is to have the bill or contract of sale and the purchase money note and deed of trust cancelled on the ground that they were fraudulently induced or procured.

As indicated, the trial court entered its decree rescinding the contract of sale and cancelling the deed of trust. As it appears in the record, the decree reads:

". . . the Court after hearing the evidence, testimony and evidence [sic] in this case and now being fully advised in the premises finds issues herein for the Plaintiff and against the Defendant.

WHEREFORE, it is ordered, adjudged and decreed by the Court, that the Court finds the issues herein, for the Plaintiff and against the Defendant. The Contract of Sale, the subject of this suit is set aside, vacated and for naught held.

It is further ordered by the Court that the Deed of Trust securing a Note in the sum of Eight Thousand Dollars ($8,000) which is recorded in Book No. 483 at page 445 of the Deed Records of Butler County, Missouri, are [sic] hereby cancelled, set aside and for naught held.

It is further ordered by the Court that the costs herein shall be taxed against the Defendant. The Clerk is further directed to furnish all attorneys of record a copy of this order forthwith."

When the decree is read and considered in light of the petition, it is apparent that the decree, in part, undertakes to cancel a deed of trust on the ground that it was void ab initio because it was procured by fraud. For the reason, as stated in Munday v. Austin, 358 Mo. 959, 963, 218 S.W. 2d 624, 626, that ". . . the mortgage is regarded as a part or segment of the title, constituting a cloud on the title if it is invalid," our courts for many years have held that when a party seeks to cancel a deed of trust, contending as in this case that it was void ab initio, the title to real estate is involved in the appellate jurisdictional sense, and jurisdiction of the appeal is in the Supreme Court. Schoene v. Hickam, Mo., 397 S.W.2d 596, 598[1]; Bitzenburg v. Bitzenburg, 360 Mo. 70, 73–74, 226 S.W.2d 1017, 1018[1]; Overton v. Overton, 131 Mo. 559, 566, 33 S.W. 1, 3[1]; 1964 Wash.U.L.Q. § 5.102(a), pp. 560–561.

We have taken note of and appreciate the fact that the case involves other issues, and that the decree is or may be incomplete since it does not in terms cancel the purchase money note as prayed. Nevertheless, as we read and understand the precedents, jurisdiction of the appeal is in the Supreme Court and not here, since the decree expressly determined an issue affecting title to real estate, and that court, having been invested with jurisdiction on one issue, will retain jurisdiction to deter-

1. That is, the $8,000 due in addition to the Monroe note.

mine all issues presented. Howell v. Reynolds, Mo., 249 S.W.2d 381, 383–384[1], [7, 8].

Accordingly, the appeal is ordered transferred to the Supreme Court as provided by Mo.Const. art. 5, § 11, and § 477.080, par. 2, R.S.Mo(1969), V.A.M.S.

TITUS, P. J., and STONE, J., concur.