**Nell LAUGHLIN, Respondent,**

v.

**Glodeen COFFEY (Turner), Appellant.**

**No. 57679.**

Supreme Court of Missouri,
Division No. 1.

April 8, 1974.

———◆———

Hyde, Purcell, Wilhoit & Edmundson, Terry C. Allen, Popular Bluff, for respondent, Nell Laughlin.

William C. Batson, Jr., Poplar Bluff, for appellant.

WELBORN, Commissioner.

Action to rescind contract for sale of restaurant and to cancel a note given in partial payment of the purchase price and a deed of trust given to secure such note. The trial court entered a decree rescinding the contract and canceling the mortgage. Defendant appealed to the Missouri Court of Appeals, Springfield District, by notice of appeal filed in May, 1971. Under the constitutional provision then in effect fixing appellate jurisdiction of cases involving title to real estate (Mo.Const. Art. V, § 3, V.A.M.S. (1945)), that court transferred the cause here. Laughlin v. Coffey, 475 S.W.2d 127 (Mo.App.1971).

Glodeen Coffey (Turner) owned and operated the Vine Street Cafe in Poplar Bluff from July, 1969 until October 16, 1970. On the latter date she sold the business to Nell Laughlin. The bill of sale recited a consideration of $12,000, to be paid $600 on November 19, 1970, $4,000 on December 15, 1970 and $3,400 December 24, 1970. The purchaser also assumed a note payable to Paul Monroe of $4,000, payable at $100 per month plus interest. The purchaser also executed a deed of trust, with the seller as beneficiary. The deed of trust was to residential property owned by the purchaser and recited that it was given to secure a note of even date from the seller to the buyer for $8,000.

Mrs. Laughlin took over the operation of the restaurant on October 19. At the end of three weeks' operation, Mrs. Laughlin closed the operation and tendered the business back to Mrs. Coffey, requesting return of the note and deed of trust. Upon refusal of Mrs. Coffey, Mrs. Laughlin, on November 4, 1970, filed an action to rescind the transaction, alleging that the defendant had falsely and fraudulently represented to her that the business would show a net profit to plaintiff of at least $1,000 per month. Plaintiff also charged that defendant made fraudulent representation about outstanding bills and amounts due on equipment.

After a trial, the trial court entered a decree finding the issues in favor of plaintiff, setting aside the contract of sale and canceling the deed of trust.

The evidence at the trial showed that the parties had been close friends and that plaintiff, employed elsewhere as a secretary, had assisted defendant from time to time in the operation of the restaurant. In practically all other respects the testimony of the parties was wholly divergent. The defendant testified that shortly after she bought the restaurant, plaintiff began ap-

proaching her about becoming a partner in the operation and that when she sold the restaurant to plaintiff she did so because plaintiff had requested that, if she ever sold, defendant give her the first opportunity to buy and that, because of their friendship, she honored the request. Plaintiff, on the other hand, testified that defendant frequently approached her about buying the restaurant, assuring her that the restaurant would clear at least $1,000 per month. Plaintiff testified that such representation was frequently repeated and that when she finally purchased the restaurant, she did so in reliance upon that representation. Defendant denied that she ever told plaintiff that she would make any specific amount of profit, stating that she told plaintiff only that "if you expect to make anything out of it you will have to stay with it and work it."

Appellant questions the credibility of respondent's testimony. The trial court, in a far better position than this court to pass upon the credibility question, obviously believed respondent. No cause for this court's not according deference to that determination appears.

Support for the trial court's finding in favor of respondent on the credibility issue came from the testimony of the lawyer who prepared the bill of sale. Both parties were present in his office and he testified that appellant at that time told respondent that the restaurant would earn from twelve to fifteen hundred dollars net per month. Appellant denied that she made such remark.

Appellant questions respondent's testimony of reliance upon the representation, contending that by reason of her having assisted in the operation of the restaurant by appellant, in the course of which she had access to the cash register and would have been aware of the receipts from defendant's operation, respondent's "testimony does not have the ring of truth when she claims she relied completely upon the defendant, Glodeen Coffey Turner's statement that she would net $1,000.00 per month from the business and relied on nothing else." Again, this is a question of credibility, obviously resolved by the trial court in favor of the respondent.

Appellant argues other matters which likewise are credibility questions. Appellant's bookkeeper testified that respondent inquired of her, prior to the purchase of the restaurant, about the expenses of the restaurant. Respondent testified that she talked to the bookkeeper only after the purchase. Mrs. Coffey testified that she gave respondent the books of the business twice. Respondent denied that she ever saw the books.

Appellant questions the sufficiency of respondent's effort to operate the restaurant in such a way as to produce its full profit potential. Respondent testified that her three weeks of operation produced an income of $383.69, over the cost of labor and supplies, without consideration of rent, utilities, insurance and licenses.

The operation was fairly brief, but was adequate to provide evidence that the representation respondent said she relied upon about the profits was untrue. There was no evidence that the restaurant ever made a profit of $1,000 per month during appellant's operation. Appellant testified that her profit for the last month of her operation was five hundred and some dollars. Appellant's mother-in-law, who took over the operation of the restaurant after respondent gave it up, testified that she netted $666 from its operation in December, 1970.

This evidence, considered as a whole, was sufficient to support a finding that the representation about the profitability of the restaurant was untrue and that appellant knew it to be such. There is no basis for disturbance of the decree on the grounds here argued.

In summary, the grounds asserted here for reversal of the decree depend largely upon which part is to be believed. No reason for not applying the usual rule of deference appears. Accepting respondent's

version of the transaction, the decree is adequately supported by the evidence.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.